# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

_____

No. 01-50213

(Summary Calendar)

_____


UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

versus


ALFREDO ESPARZA-GONZALEZ, also known as Juan Valdez,

                    Defendant - Appellant.


_____

No. 01-50262

(Summary Calendar)

_____


UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

versus


JAIME GUSTAVO CASTILLO-TAPIA, also known as Victor
Manuel Ochoa,

Defendant - Appellant.

Appeals from the United States District Court
For the Western District of Texas

September 26, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

In unrelated cases, Alfredo Esparza-Gonzalez and Jaime Gustavo Castillo-Tapia pleaded guilty to being aliens found in the United States subsequent to deportation. The cases have been consolidated on appeal, and present a single issue of first impression in this circuit:[1] whether the district court erred by failing to verify that the applicants had read and discussed their presentencing reports (PSR) with their respective defense attorneys as required by Fed. R. Crim. P. 32(c)(3)(A), and, if so, whether the error affected the applicants' substantial rights. We agree with Esparza and Castillo that the district court erred by failing to comply with Rule 32(c)(3)(A). Because the applicants have not alleged or identified prejudice resulting from the district court's error, however,

---

[1] We have considered the issue on several occasions in unpublished opinions, each time holding that the Rule 32(c)(3)(A) variance did not rise to the level of plain error. *See United States v. Hernandez-Castillo*, No. 00-50321, 240 F.3d 1074 (Dec. 1, 2000) (table decision); *United States v. Hernandez-Rodriguez*, No. 00-50292, 240 F.3d 1074 (Dec. 1, 2000) (table decision); *United States v. Reyes-Aguilar*, No. 99-51113, 235 F.3d 1341 (Oct. 18, 2000) (table decision).

we join the Third,[2] Fourth,[3] Seventh,[4] Ninth,[5] and Tenth Circuits[6] in holding that the error does not

rise to the level of plain error, and affirm the convictions.

As an initial matter, we must address the government's contention that the district court did

in fact comply with the requirements of Rule 32(c)(3)(A).  The Rule provides that before imposing

a sentence, the district court must "verify that the defendant and defendant's counsel have read and

discussed the presentence report." Fed. R. Crim. P. 32(c)(3)(A).  We have declined to interpret Rule

32 as creating an absolute requirement that the district court "specifically . . . ask a defendant whether

he has read the PSIR." *See United States v. Victoria*, 877 F.2d 338, 340 (5th Cir. 1989).  Instead,

we "draw reasonable inferences from court documents, the defendant's statements, and counsel's

statements" to determine whether the defendant has been given an opportunity to read the PSR with

his counsel. *Id*. *But see United States v. Rone*, 743 F.2d 1169, 1174 (7th Cir. 1984) (holding that

Rule 32 imposes an affirmative duty on the district court to ask the defendant directly whether he has

read and discussed the PSR with his counsel).

We disagree with the government that the record supports an implied finding by the district

---

[2]     *United States v. Stevens*, 223 F.3d 239, 246 (3d. Cir. 2000).

[3]     *United States v. Lockhart*, 58 F.3d 86, 89 (4th Cir. 1995).

[4]     *United States v. Rodriguez-Luna*, 937 F.2d 1208, 1213 (7th Cir. 1991).

[5]     *United States v. Davila-Escovedo*, 36 F.3d 840, 844 (9th Cir. 1994).

[6]     *United States v. Rangel-Arreola*, 991 F.2d 1519, 1526 (10th Cir. 1993).  The only
other circuit to consider the issue, the Sixth Circuit, has recently held that a district court's failure to
comply with Rule 32(c)(3)(A) requires resentencing, regardless of whether the defendant can
demonstrate actual prejudice from the error. *See United States v. Mitchell*, 243 F.3d 953, 955 (6th
Cir. 2001); *but see United States v. Stevens*, 851 F.2d 140, 143-44 (6th Cir. 1988) (declining to
correct a Rule 32(c)(3)(A) error because the record suggested that the district court did not rely on
the allegedly false information in the PSR—i.e., there was no prejudice).

court that Esparza and Castillo had reviewed and discussed their PSRs with defense counsel. The record indicates that (1) both defendants were advised that the probation office was going to prepare a presentence report; (2) both defendants were advised that defense counsel would have the opportunity to review the report with them; and (3) neither defendant informed the court that he had not had the opportunity to review the PSR when given the opportunity to speak at the sentencing hearings. The record is clearly adequate to support the inference that defense counsel had the opportunity to review the PSR, but none of these facts justifies that same inference with regard to Esparza and Castillo. *Cf. Victoria*, 887 F.2d at 340 (concluding that the requirements of Rule 32(c)(3)(A) were met when the defendant acknowledged in writing at his sentencing that he had examined the PSR).

Accordingly, the district court erred by failing to confirm that Esparza and Castillo had read and discussed their PSRs with defense counsel. As neither applicant raised the issue of noncompliance with Rule 32 in the district court, however, we correct the error only if the error was plain and affected the applicants' substantial rights. *See United States v. Olano*, 507 U.S. 725, 732-34, 113 S.Ct. 1770, 1777-1778, 123 L.Ed.2d 508 (1993) (articulating the plain error standard of review); *United States v. Vazquez*, 216 F.3d 456, 458-59 (5th Cir. 2000) (reviewing for plain error the district court's failure to comply with Rule 32(c)(3)(B), the rule affording defense counsel the opportunity to speak at sentencing on the defendant's behalf). We reject Esparza's and Castillo's suggestion that we treat the Rule 32 error as a structural defect, requiring automatic reversal. Neither applicant has alleged prejudice as a result of the district court's failure to conduct the Rule 32(c)(3)(A) inquiry, and indeed, neither asserts that he did not read and discuss his PSR with defense counsel. In the words of the Tenth Circuit, remanding where no prejudice exists would "require the

district court to undergo an exercise in futility in order to obtain the same sentence." *Rangel-Arreola*, 991 F.2d at 1526. Esparza and Castillo have not met their burden of persuasion that the district court's error was prejudicial and, consequently, have not demonstrated plain error. *See Olano*, 507 U.S. at 732-34, 113 S.Ct. at 1777-1778.

AFFIRMED.