IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Summary Calendar
No. 00-51091
USDC No. DR-00-229-ALL-FB

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANGEL GONZALEZ-GALLEGOS,

Defendant - Appellant;

_____

Consolidated with
No. 00-51198
USDC No. DR-00-CR-383-ALL

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCELINO CENTENO-HERRERA,

Defendant - Appellant;

_____

Consolidated with
No. 00-51323
USDC No. DR-00-CR-220-1

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALBINO OCHOA-DE LA FUENTE,

Defendant - Appellant;

_____
_____

**Consolidated with**
**No. 01-50177**
**USDC No. EP-00-CR-1635-ALL-H**
_____

**UNITED STATES OF AMERICA,**

                                         **Plaintiff - Appellee,**

**versus**

**SERGIO ORDUNA-ALVARADO, also known as Raul Ontiveros,**

                                         **Defendant - Appellant.**

--------------------
Appeals from the United States District Court
for the Western District of Texas
--------------------
October 10, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges:

PER CURIAM:[*]

        Fed. R. Crim. P. 32(c)(3)(A) provides, among other things, that before imposing sentence in a criminal case, a district court must "verify that the defendant and defendant's counsel have read and discussed" the defendant's presentence report.  The appellants in these consolidated cases argue that as to alleged violations of this requirement to which a defendant failed to object, this court should not review for plain error or harmless error, but should automatically remand for resentencing. United Stats v. Esparza-Gonzalez, __ F.3d __, 2001 WL 1135317 (5th Cir. Sep. 26, 2001), rejects their argument and concludes that this

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

court reviews for plain error an alleged violation of the verification requirement to which the defendant failed to object below.

The appellants did not object in the district court to the verification requirement violations that they now allege occurred. As in Esparza-Gonzalez, none of the appellants argues that he was prejudiced by any such violation or even that he did not read or discuss with his counsel his presentence report. Appellants have not demonstrated plain error. See id.

The appellants' other arguments are foreclosed by circuit precedent and, as they acknowledge, are raised only in order to preserve them for Supreme Court review. The judgments are **AFFIRMED**. We commend counsel for their lucidly argued briefs.

3