**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 01-50437

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OSCAR RAMIREZ-MEZA, also known as Pedro Ramirez-Garcia,

Defendant - Appellant.

Appeal from the United States District Court
For the Western District of Texas
USDC No. EP-00-CR-1737-ALL-H

November 6, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Oscar Ramirez-Meza was indicted on October 18, 2000, for illegal reentry into the United

States following a deportation order in violation of 8 U.S.C. § 1326(a). He pleaded guilty to the

charge and the district court sentenced him to 77 months in prison and three years supervised release.

_____

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Prior to sentencing, the trial judge presented a presentencing report ("PSR") to Ramirez-Meza and his attorney. During his statements to the court, Ramirez-Meza's attorney commented on facts contained in the report, but he never made specific reference to the PSR. Additionally, the district judge did not directly question the defendant or his attorney as to whether they had the opportunity to read and understand the report's contents. Defense counsel, however, did not object to the district court's alleged failure to verify whether the defendant had read the report, and Ramirez-Meza failed to comment on his lack of access to the PSR during his allocution.

Ramirez-Meza now argues that the we should remand the case for re-sentencing because the district court failed to comply with the verification requirements contained in Federal Rule of Criminal Procedure 32(c)(3)(A). Even accepting Ramirez-Meza's argument that the district court failed to comply with the requirements of Rule 32(c)(3)(A), his case is still without merit. Because the applicant failed to raise this issue in the district court, we will correct the error only if it was plain and affected the defendant's substantial rights. *See United States v. Esparza-Gonzalez*, 2001 WL 1135317 (5th Cir. Sept 26, 2001) (applying plain error standard and rejecting suggestion that Rule 32 error was a structural defect requiring automatic reversal). Here, Ramirez-Meza does not aver, and the record does not reflect, any prejudice to the defendant from the district court's alleged failure to comply with Rule 32(c)(3)(A). Thus, Ramirez-Meza has not demonstrated plain error.

The decision of the district court is AFFIRMED.