IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50355
Conference Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL HERNANDEZ-CASTORENA, ALSO KNOWN AS
ANGEL ACEVEDO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-2089-ALL-DB
--------------------
December 11, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Manuel Hernandez-Castorena (Hernandez) argues that he is entitled to be resentenced because the district court failed to verify that counsel had read and discussed his presentence report (PSR) with him prior to sentencing as required by FED. R. CRIM. P. 32(c)(3)(A).

We agree that the district court failed to comply with Rule 32(c)(3)(A). However, because Hernandez did not raise the issue of noncompliance in the district court, we will correct the error only if it was plain and affected Hernandez's substantial rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See <u>United States v. Esparza-Gonzalez</u>, 268 F.3d 272, 273-74 (5th Cir. 2001); <u>see also</u> <u>United States v. Olano</u>, 507 U.S. 725, 732-34 (1993).

Hernandez failed to object to the Rule 32(c)(3)(A) violation in the district court. He does not argue that he did not review or discuss his PSR with his attorney; instead, he relies on the absence of any record evidence to indicate that he reviewed and discussed the PSR with counsel. Thus, Hernandez has not demonstrated that he was prejudiced by the court's failure to comply with Rule 32(c)(3)(A). Because Hernandez has failed to carry his burden of demonstrating prejudice, he has not established plain error. <u>See</u> <u>United States v. Vasquez</u>, 216 F.3d at 456, 459 (5th Cir.), <u>cert. denied</u>, 531 U.S. 972 (2000).

The district court's failure to advise Hernandez that he had the right to be assisted by counsel if he elected to proceed to a jury trial was harmless.

AFFIRMED.