IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50346
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN FRANCISCO TOVAR-OLAIZ, also known as Juan Francisco Tovar-
Olias,

                                        Defendant-Appellant.


_____

Consolidated with
No. 01-50348

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN FRANCISCO TOVAR-OLAIZ,
also known as Juan Francisco Tovar-Olias,
also known as Jorge Hernandez-Guevara,

                                        Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 97-CR-501-1
--------------------
December 11, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     In separate but related appeals Juan Francisco Tovar-Olaiz

appeals (1) his sentence for conspiracy with intent to distribute

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

marijuana and (2) the revocation of his supervised release. Tovar-Olaiz contends that the district court failed to verify that he had read his presentence report ("PSR") and discussed it with counsel prior to imposing sentence, as required by Fed. R. Crim. P. 32(c)(3)(A). He concedes that he did not object in the court below but contends that under the language of the rule and due to policy considerations remand for resentencing is required.

We agree with Tovar-Olaiz that the district court failed to comply with Rule 32(c)(3)(A). However, because Tovar-Olaiz did not raise the issue of noncompliance in the district court, we will correct the error only if it was plain and affected his substantial rights. See United States v. Esparza-Gonzalez, 268 F.3d 272, 274 (5th Cir. 2001); see also United States v. Olano, 507 U.S. 725, 732-34 (articulating the plain error standard of review). Tovar-Olaiz concedes that erroneous information in the PSR regarding his children was corrected before the district court, and he identifies no remaining inaccuracies in the PSR. Tovar-Olaiz does not show that he was prejudiced at sentencing or in the revocation of his supervised release, and his speculations regarding future prejudice resulting from unspecified errors are insufficient to meet his burden to demonstrate plain error. See id. We therefore AFFIRM.