IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20335
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RUBEN SANCHEZ-PEREZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-628-ALL
--------------------
December 12, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

   Ruben Sanchez-Perez (Sanchez) appeals his guilty-plea conviction for illegally reentering the United States after having been deported and convicted of an aggravated felony.  He argues that the district court's failure to affirmatively determine that he and his counsel had read and discussed the presentence report (PSR) amounted to a violation of Fed. R. Crim. P. 32(c)(3)(A) not subject to the plain-error analysis; therefore, this court must "automatically reverse" his conviction and remand the matter for resentencing.

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rule 32(c)(3)(A), Fed. R. Crim. P. provides that before imposing sentence, the district court must "verify that the defendant and defendant's counsel have read and discussed the presentence report."  Because Sanchez failed to raise the issue of noncompliance with Rule 32(c)(3)(A) in the district court, we will correct the alleged error only if it was plain and affected Sanchez's substantial rights.  See United States v. Esparza-Gonzalez, 268 F.3d 272, 274 (5th Cir. 2001).  We decline to interpret Rule 32(c)(3)(A) as creating an absolute requirement that the district court specifically ask a defendant whether he has read the PSR.  Instead, we will draw reasonable inferences from court documents, the defendant's statements, and counsel's statements to determine whether the defendant has been given an opportunity to read the PSR with his counsel.  See id.

The transcript of the sentencing hearing provides information from which the district court could reasonably have inferred that Sanchez and his counsel had reviewed the PSR. However, even if it is assumed that the district court failed to meet the requirements of Rule 32(c)(3)(A), Sanchez has not demonstrated plain error as result of the court's error. Accordingly, the judgment of the district court is AFFIRMED.