IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50228
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                       Plaintiff-Appellee,

versus

ELOY JULIAN CARDENAS BACA,

                                       Defendant-Appellant.
                    _____
                    Consolidated with
                         01-50229
                    _____

UNITED STATES OF AMERICA,

                                       Plaintiff-Appellee,

versus

JOSE OBED ESPARZA-GONZALEZ,


                                       Defendant-Appellant,
                    _____
                    Consolidated with
                       No. 01-50237
                    _____

UNITED STATES OF AMERICA,

                                       Plaintiff-Appellee,

versus

VICTOR SANCHEZ-MUNOZ,

                                       Defendant-Appellant.



                    --------------------
          Appeal from the United States District Court
              for the Western District of Texas
               USDC Nos. EP-00-CR-1891-ALL-H,
                 00-CR-1497-ALL & 00-CR-607-ALL
                    --------------------
                    December 12, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Elroy Julian Cardenas Baca, Jose Obed Esparza-Gonzalez, and Victor Sanchez-Munoz all argue that they are entitled to be resentenced because the district court failed to verify that their counsel had read and discussed their presentence reports (PSRs) with them prior to sentencing in violation of Fed. R. Crim. P. 32(c)(3)(A).

We agree that the district court failed to comply with Rule 32(c)(3)(A) in each of the appellants' cases. However, because the appellants did not raise the issue of noncompliance in the district court, the court will correct the error only if it was plain and affected the appellants' substantial rights. See United States v. Esparza-Gonzalez, 268 F.3d 272, 274 (5th Cir. 2001); see also United States v. Olano, 507 U.S. 725, 732-34 (1993).

The appellants failed to object to the Rule 32(c)(3)(A) violation in the district court. The appellants have not asserted that they did not review or discuss their PSRs with their defense counsel, but rely upon their respective records' failure to indicate that they had reviewed and discussed the PSR with counsel. Thus, the appellants have not asserted that they were prejudiced by the court's Rule 32(c)(3)(A) oversight.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the appellants have failed to carry their burden of demonstrating prejudice, <u>i.e</u>., that their substantial rights were affected, they have not demonstrated plain error.  <u>See</u> <u>United States v. Vasquez</u>, 216 F.3d at 456, 459 (5th Cir.), <u>cert. denied</u>, 531 U.S. 972 (2000).  The appellants' convictions and sentences are AFFIRMED.