IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

-----------------------

No. 01-50100
Conference Calendar

-----------------------

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EDUARDO TAPIA-RODRIGUEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-00-CR-464-1-WWJ
--------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Eduardo Tapia-Rodriguez ("Tapia") appeals the sentencing
following his guilty plea for illegal reentry into the United
States following deportation in violation of 8 U.S.C. § 1326(a)
and (b)(2).  Tapia argues that he is entitled to resentencing
because the district court failed to verify whether his attorney
reviewed and discussed the presentence report (PSR) with him
prior to sentencing in violation of Federal Rule of Criminal
Procedure 32(c)(3)(A).

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We agree that the district court failed to comply with Rule 32(c)(3)(A). However, because Tapia did not raise the issue of noncompliance in the district court, we will correct the error only if it was plain and affected Tapia's substantial rights. See United States v. Esparza-Gonzalez, 268 F.3d 272, 273-74 (5th Cir. 2001); see also United States v. Olano, 507 U.S. 725, 732-34 (1993).

Tapia failed to object to the Rule 32(c)(3)(A) violation in the district court. He does not argue that he did not review or discuss his PSR with his attorney; instead, he relies on the absence of any record evidence to indicate that he reviewed and discussed the PSR with counsel. Thus, Tapia has not demonstrated that he was prejudiced by the court's failure to comply with Rule 32(c)(3)(A). Because Tapia has failed to carry his burden of demonstrating prejudice, he has not established plain error. See Esparza-Gonzalez, 268 F.3d at 274. Tapia's conviction and sentence are AFFIRMED.