IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20850
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FEDERICO MENDEZ-MEDINA, also known as
Adolfo Reyes-Galvan, also known as
Gilberto G. Lopez, also known as
Gilberto Galban-Lopez, also known as
Luis Vasquez, also known as Adolfo Reyes G.,
also known as Federico Mendez,
also known as Luis A. Vasquez G.,
also known as Alberto Valques-Luis,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-162-1
- - - - - - - - - -
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Federico Mendez-Medina appeals his sentence for illegal

reentry into the United States following deportation after having

been convicted of an aggravated felony.  He argues that the

district court failed to comply with FED. R. CRIM. P. 32(c)(3)(A)

---

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

at the sentencing hearing.  Federal Rule of Criminal Procedure 32(c)(3)(A) provides that before imposing sentence, the court must verify that the defendant and defendant's counsel have read and discussed the presentence report (PSR).  Medina concedes that his argument is foreclosed by this court's precedent and states that it is raised here solely for issue preservation purposes.

Although the district court in this case may have erred in not verifying that Medina and his attorney had read and discussed the PSR, Medina has failed to show that he was prejudiced or that he did not read the PSR and discuss it with his attorney.  Nor did he raise this issue at the sentencing hearing.  Under United States v. Esparza-Gonzalez, 268 F.3d 272 (5th Cir. 2001), petition for cert. filed, No. 01-7544 (Dec. 18, 2001), there was no plain error.

AFFIRMED.