IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21038
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DANIEL CONSTANTINE REYNA-CASTONON,
also known as Rudolfo Garza-Gutierrez,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-161-1
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Daniel Constantine Reyna-Castonon (Reyna) appeals his

sentence for illegal reentry into the United States following

deportation after having been convicted of an aggravated felony.

8 U.S.C. §§ 1326(a), (b)(2).  He argues that the district court

failed to comply with FED. R. CRIM. P. 32(c)(3)(A) at the

sentencing hearing.  Federal Rule of Criminal Procedure

32(c)(3)(A) provides that before imposing sentence, the court

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

must verify that the defendant and defendant's counsel have read and discussed the presentence report (PSR).  Reyna argues, for the purpose of preserving the issue for further review, that the district court's FED. R. CRIM. P. 32(c)(3)(A) violation is reversible, per se, without the need to show prejudice.  As Reyna concedes, this court has rejected the suggestion that it should treat a FED. R. CRIM. P. 32(c)(3)(A) error "as a structural defect, requiring automatic reversal."  United States v. Esparza-Gonzalez, 268 F.3d 272, 273-74 (5th Cir. 2001), cert. denied, 122 S. Ct. 1547 (2002).  One panel of this circuit may not overrule another panel's decision.  United States v. Taylor, 933 F.2d 307, 313 (5th Cir. 1991).

Although the district court may have erred in not verifying that Reyna and counsel had read and discussed the PSR, Reyna has failed to show prejudice.  Thus, he has not demonstrated that the error affected his substantial rights.  See Esparza-Gonzalez, 268 F.3d at 273-74.

AFFIRMED.