IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51087
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEODORO FLORES-BARRON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-01-CR-309-ALL-WWJ
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Teodoro Flores-Barron ("Flores") appeals his sentence for illegal reentry into the United States. He argues that the district court failed to comply with FED. R. CRIM. P. 32(c)(3)(A) at the sentencing hearing. Federal Rule of Criminal Procedure 32(c)(3)(A) provides that before imposing sentence, the court must verify that the defendant and defendant's counsel have read and discussed the presentence report ("PSR"). Flores asserts

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that this error requires remand for resentencing without a showing of specific prejudice.  Flores concedes that his argument is foreclosed by <u>United States v. Esparza-Gonzalez</u>, 268 F.3d 272 (5th Cir. 2001), <u>cert. denied</u>, ___ S.Ct. ___, 2002 WL 549371 (2002), and states that it is raised here solely to preserve the issue for possible Supreme Court review.

Although the district court in this case may have erred in not verifying that Flores and his attorney had read and discussed the PSR, Flores has failed to show that he was prejudiced or that he did not read the PSR and discuss it with his attorney.  Nor did he raise this issue at the sentencing hearing.  Under <u>Esparza-Gonzalez</u> there was no plain error, and his argument that this case should be remanded for resentencing is foreclosed.

AFFIRMED.