IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41463
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN JOSE RAMIREZ-CASTILLO,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-268-1
- - - - - - - - - - -
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Juan Jose Ramirez-Castillo ("Ramirez") appeals his sentence
for illegal reentry into the United States after deportation.
8 U.S.C. § 1326(a), (b).  He argues that the district court
failed to comply with FED. R. CRIM. P. 32(c)(3)(A) at the
sentencing hearing.  Rule 32(c)(3)(A) provides that before
imposing sentence, the court must verify that the defendant and
defendant's counsel have read and discussed the PSR.  Ramirez

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

concedes that his argument is foreclosed by this court's precedent and states that it is raised here solely to preserve the issue for Supreme Court review.

Although the district court in this case may have erred in not verifying that Ramirez and his attorney had read and discussed the PSR, Ramirez does not allege prejudice or that he did not read the PSR and discuss it with his attorney. Nor did he raise this issue at the sentencing hearing. Under <u>United States v. Esparza-Gonzalez</u>, 268 F.3d 272, 274 (5th Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 1547 (2002), there was no plain error.

AFFIRMED.