IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-21304

Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

SAMUEL JAIMES POMPA, also known as Ekiziel Cardenas, also known as
Efren Moreno, also known as Samuel Pompa Jaimes

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. 01-CR-566

August 23, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Samuel Jaimes Pompa pled guilty to illegal presence in the
United States following deportation after conviction for an
aggravated felony, in violation of 8 U.S.C. § 1326(a) and 8 U.S.C.
§ 1326(b)(2), and was sentenced to 48 months imprisonment and three
years of supervised release.

Pompa argues that the district court committed reversible
error by failing to comply with FED R. CRIM. P. 32(C)(3)(A), which

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requires the court to verify that the defendant and defendant's counsel have read and discussed the presentencing report.[1] He failed to raise this issue below, so we review only for plain error.[2]

Although it is clear that the district court did not affirmatively ask Pompa or his counsel whether he had read the report, we have not interpreted Rule 32 as creating an absolute requirement that the district court specifically ask if a defendant has been given an opportunity to read the report.[3] Instead, we "draw reasonable inferences from court documents, the defendant's statements, and counsel's statements" to determine whether Pompa has been given an opportunity to read the report with his counsel.[4]

Pompa's counsel admits that he read the presentencing report and filed a sentencing memorandum referencing the report, and thus the only question that remains is whether we can draw a reasonable inference from the record that Pompa also read the report. Given that Pompa was provided with the presentencing report almost one month before he was sentenced and that his counsel submitted to the district court a document indicating that his client did not object to the presentencing report, we conclude that there was no plain or obvious error.

---

[1] FED. R. CRIM. P. 32(C)(3)(A).

[2] *United States v. Henry*, 288 F.3d 657, 664 (5th Cir. 2002).

[3] *United States v. Esparaza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2002).

[4] *Id.*

Pompa also argues that the "aggravated felony" provision in 8 U.S.C. § 1326 is unconstitutional, but as he notes, this argument is foreclosed by *Almendarez-Torres v. United States*.[5]

AFFIRMED.

---

[5] 523 U.S. 224 (1998).