IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21266
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                         Plaintiff-Appellee,

versus

OSCAR MEJIA-DIAZ,

                                         Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-514-ALL
--------------------
October 29, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Oscar Mejia-Diaz (Mejia) argues that the district court plainly erred in failing to verify that he had read and discussed the presentence report (PSR) with his counsel as required by FED. R. CRIM. P. 32(c)(3)(A). A review of the sentencing hearing transcript reflects that the district court did not ascertain whether Mejia had read and reviewed the PSR with counsel.

Because Mejia did not object to the omission in the district court, this court could "correct the error only if the error was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain and affected [Mejia's] substantial rights." United States v. Esparza-Gonzalez, 268 F.3d 272, 274 (5th Cir. 2001), cert. denied, 122 S. Ct. 1547 (2002).

Although FED. R. CRIM. P. 32 has not been interpreted as creating an absolute requirement that the district court specifically ask a defendant whether he has read the PSR, see id., the record does not raise a reasonable inference that Mejia personally reviewed the report and discussed it with counsel. However, Mejia has not shown that the error affected his substantial rights. Mejia has not argued that he did not read and review the PSR. Nor has he demonstrated the existence of factual inaccuracies in the PSR that, if successfully challenged, would have resulted in his receiving a lesser sentence. Because Mejia has not demonstrated that he was prejudiced by the district court's failure to strictly comply with FED. R. CRIM. P. 32, he has failed to demonstrate plain error. See id. The sentence imposed is AFFIRMED.