IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20535
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS GONZALEZ-ROJAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-910-ALL
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Jose Luis Gonzalez-Rojas ("Gonzalez") appeals the 41-month sentence imposed following his guilty plea to a charge that he violated 8 U.S.C. § 1326 by illegally reentering the United States after having been deported following an aggravated felony conviction. Gonzalez first argues that the district court's failure to determine that he and his counsel had read and discussed the presentence report (PSR) was a violation of FED. R. CRIM. P. 32(c)(3)(A) which constitutes plain error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Gonzalez acknowledges, in United States v. Esparza-Gonzalez, 268 F.3d 272, 273-74 (5th Cir. 2001), cert. denied, 122 S. Ct. 1547 (2002), this court rejected the suggestion that it should treat a Rule 32(c)(3)(A) error "as a structural defect, requiring automatic reversal," and held that where an issue of noncompliance with Rule 32 was not raised in the district court, this court could "correct the error only if the error was plain and affected the applicants' substantial rights." Esparza-Gonzalez, 268 F.3d at 273-74.

Gonzalez argues that the district court's selection of the maximum term of imprisonment under the Sentencing Guidelines was influenced by his criminal history, which the district court catalogued at the sentencing hearing. He submits that the failure of the district court to ascertain that he had read and reviewed with counsel the PSR discussing his criminal history affected his substantial rights.

Gonzalez does not contend that he did not read and discuss his PSR with defense counsel and does not assert that the criminal history in the PSR contained factual inaccuracies that he could have challenged and, if corrected, would have resulted in his receiving a lesser sentence. "We must uphold a sentence reviewed for plain error if the court could lawfully and reasonably reinstate it on remand." United States v. Ravitch, 128 F.3d 865, 869 (5th Cir. 1997). Gonzalez has failed to make the showing required under the plain error standard. See

Esparza-Gonzalez, 268 F.3d at 273-74; Ravitch, 128 F.3d at 869.
This is a frivolous issue.

Gonzalez also argues that the sentencing provisions of
8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of
Apprendi v. New Jersey, 530 U.S. 466 (2000).  He concedes that
this argument is foreclosed by Almendarez-Torres v. United
States, 523 U.S. 224 (1998), but he seeks to preserve the
issue for Supreme Court review.  Apprendi did not overrule
Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United
States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert.
denied, 531 U.S. 1202 (2001).  This court must follow the
precedent set in Almendarez-Torres "unless and until the Supreme
Court itself determines to overrule it."  Dabeit, 231 F.3d at 984
(internal quotation and citation omitted).

AFFIRMED.