IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20181
Summary Calendar
_____

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

                              versus

DAVID MICHAEL ROSENBLUM,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-750-ALL
_____

December 13, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

     David Michael Rosenblum appeals the sentence imposed after he

pleaded guilty to bank robbery under 18 U.S.C. § 2113(a).  He first

argues that the district court's upward departure from the

Sentencing Guidelines was unreasonable.  The district court did not

abuse its discretion by increasing Rosenblum's offense level from

nineteen to twenty on the ground that his criminal history

category, although increased from V to VI, significantly

_____

     *Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

underrepresented the likelihood that he will commit additional offenses.[1]

Rosenblum additionally argues that he is entitled to be resentenced because the district court committed plain error in failing to determine that he and his counsel had read and discussed the presentence report, in violation of Federal Rule of Criminal Procedure 32(c)(3)(A). We conclude otherwise, as Rosenblum has not shown that such an omission affected his substantial rights.[2] He argues that because the district court apparently relied on his criminal history as set out in the PSR in upwardly departing, the failure to ascertain that he read and reviewed the PSR with counsel was prejudicial. However, Rosenblum is not entitled to relief because he does not suggest how he may have been prejudiced, such as if the PSR had misstated his criminal history.[3]

AFFIRMED.

---

[1] United States Sentencing Guidelines Manual § 4A1.3, p.s. (2001); *see United States v. Ashburn*, 38 F.3d 803, 808-10 (5th Cir. 1994) (en banc).

[2] *United States v. Esparza-Gonzalez*, 268 F.3d 272, 273-74 (5th Cir. 2001), *cert. denied*, 122 S. Ct. 1547 (2002).

[3] Rosenblum also contends that a Rule 32(c)(3)(A) violation is reversible error per se, but acknowledges that this argument is foreclosed by *Esparza-Gonzales*. 268 F.3d at 274. He thus preserves this argument for further review.