**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60999
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAVARIS MONONNETO MOORE,
also known as Chilli Mac,

Defendant-Appellant.

Appeal from the United States District Court
for Northern District of Mississippi
USDC No. 3:01-CR-139-ALL-B

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Tavaris Mononneto Moore appeals his conviction for one count of distribution in excess of fifty grams of a mixture and substance containing cocaine base (crack cocaine). He contends that he was denied effective assistance of counsel due to an actual conflict of interest. Further, he asserts that the district court failed to protect his constitutional right to counsel by taking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

corrective action when the conflict of interest manifested at trial.

Moore fails to show that an actual conflict of interest adversely affected his attorney's performance. See Cuyler v. Sullivan, 446 U.S. 335, 348 (1980); Perillo v. Johnson, 205 F.3d 775, 798-99 (5th Cir. 2000). Thus, his argument that the district court failed to protect his constitutional right to counsel by taking corrective action when the conflict of interest manifested at trial has no merit.

On appeal, Moore also argues that perjured testimony on the part of Government agents tainted the jury. Moore's argument has no merit because he has failed to show that the Government agent's testimony was willfully false. See United States v. Blackburn, 9 F.3d 353, 357 (5th Cir. 1993). "Conflicting or inconsistent testimony is insufficient to establish perjury." See Kutzner v. Johnson, 242 F.3d 605, 609 (2001).

Additionally, Moore asserts that the district court erred in failing to verify at sentencing that he and his counsel had read and discussed the presentence report (PSR), in accordance with Federal Rule of Criminal Procedure 32. Because Moore has not made a showing of prejudice, the district court did not plainly err in failing to ask Moore whether he had read the PSR. See United States v. Esparza-Gonzalez, 268 F.3d 272, 274 (5th Cir. 2001). Similarly, because Moore has failed to show that his substantial rights were affected by the probation officer's failure to

personally provide him with a copy of the PSR, there was no plain error. <u>Id.</u>

Moore further contends that the district court incorrectly applied the Federal Sentencing Guidelines when calculating the amount of drugs attributable to him at sentencing. Specifically, he contends that some of the statements used by the probation officer, pursuant to U.S.S.G. § 1B1.3, were not reliable because they involved hearsay. He further contends that the statements referred to conduct occurring ten years prior to the instant offense and had "a complete lack of temporal proximity . . . to the offense of conviction."

Although Moore objected to several paragraphs of the PSR describing his drug trafficking activity, he did not specifically raise objections on the grounds he asserts on appeal. Thus, this court reviews for plain error. <u>See</u> <u>United States v. Arce</u>, 118 F.3d 335, 343 n.8 (5th Cir. 1997). However, this court has held that "[q]uestions of fact that the sentencing court could have resolved upon proper objection at sentencing can never constitute plain error." <u>Id.</u> Because a district court's determination of the quantity of drugs attributable to a defendant is a finding of fact, <u>see</u> <u>United States v. Vital</u>, 68 F.3d 114, 120 (5th Cir. 1995), Moore cannot show plain error. Additionally, Moore's argument that his sentence must be reversed pursuant to <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004) is foreclosed by this court's decision in <u>United</u>

3

States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), pet. for cert. filed (July 14, 2004) (No. 04-5263).

Lastly, because the record is not sufficiently developed to permit direct review, we decline to address Moore's claim that he was denied effective assistance of counsel at sentencing. See United States v. Brewster, 137 F.3d 853, 859 (5th Cir. 1998).

**AFFIRMED.**