United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20543
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY NEIL PAIGE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-458-1
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Timothy Neil Paige appeals his guilty-plea conviction
and sentence for two counts of bank robbery, in violation of
18 U.S.C. § 2113(a).  Although Paige's guideline imprisonment
range under the Sentencing Guidelines was 92 to 115 months,
the district court departed upward to a prison sentence of 148
months on the ground that Paige's criminal-history category
underrepresented the seriousness of his past criminal conduct.

For the first time on appeal, Paige argues that the district
court erred by failing to notify him prior to sentencing that it

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intended to impose an upward departure.  He is wrong, because his Presentence Report ("PSR") notified him that it was appropriate to consider an upward departure on the ground the district court ultimately cited.  See FED. R. CRIM. P. 32(h); United States v. Andrews, 390 F.3d 840, 845 (5th Cir. 2004).  Paige has not shown error, plain or otherwise, as to this claim.  United States v. Olano, 507 U.S. 725, 735-36 (1993).

For the first time on appeal, Paige contends that the district court erred at rearraignment by failing to notify him that his federal prison term could run consecutively to a state term that had already been imposed.  He maintains that this rendered his guilty plea involuntary.  Paige is incorrect, because we have held that a district court is not required to inform a defendant that his prison terms may run consecutively. See United States v. Hernandez, 234 F.3d 252, 256 (5th Cir. 2000).  No error, plain or otherwise, is apparent.  United States v. Vonn, 535 U.S. 55, 59 (2002).

Paige argues for the first time on appeal that the district court failed to admonish him at sentencing in several respects. He maintains that the court failed to:  state on the record the reasons for the upward departure; rule on his PSR objections; state that it had adopted the PSR and its addendum; inquire whether he and his attorney had read and discussed his PSR; and allow allocution.  All of these contentions are reviewable for plain error only.  See United States v. Esparza-Gonzalez, 268 F.3d 272, 274 (5th Cir. 2001) (citing Olano, 507 U.S. at 732-34). Paige has not shown plain error with respect to the court's

failure to state in open court the reasons for its upward departure, because those reasons were plainly stated in writing after sentencing. See United States v. Gore, 298 F.3d 322, 325 (5th Cir. 2002). Similarly, although the court did not formally rule on Paige's PSR objections at sentencing, it did do so in writing afterward. The court did not comply with FED. R. CRIM. P. 32(i)(1)(A)'s requirement that it verify that the defendant and his attorney have read and discussed the PSR, but Paige has not shown that he was prejudiced by such noncompliance, thus he has not shown plain error. See Esparza-Gonzalez, 268 F.3d at 274. Finally, Paige's contention that the district court failed to allow allocution is contradicted by the record, which shows that the court encouraged him to speak and that he did so.

The conviction and sentence are AFFIRMED.