**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-31116
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERICK DWAYNE SIMON,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
No. 2:08-CR-42-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Erick Simon appeals the sentence imposed following his conviction of being

a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

He argues, for the first time on appeal, that his sentence should be vacated because the district court failed to comply with Federal Rule of Criminal Procedure 32(i)(1)(A) and 18 U.S.C. § 3553(c).

Generally, this court uses a bifurcated approach to review sentences for reasonableness. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 596 (2007). Because Simon failed to raise these arguments in the district court, however, review is for plain error. *United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001). A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099). Where those elements are shown, this court has the discretion to correct the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

The district court imposed the statutorily-mandated minimum sentence. *See* § 924(e). Simon has not demonstrated how any of the alleged errors could have resulted in a different sentence. *See Mondragon-Santiago*, 564 F.3d at 361. Accordingly, he has not demonstrated reversible plain error. *Id.*

AFFIRMED.