# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 24, 2010

Lyle W. Cayce
Clerk

No. 09-41248
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR RICARDO CRUZ-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CR-691-2

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Edgar Ricardo Cruz-Flores pleaded guilty to possession with intent to distribute more than 50 kilograms of marijuana. Cruz-Flores asserts that the district court violated his right to receive the presentence report ("PSR") 35 days prior to sentencing under Federal Rule of Criminal Procedure 32. He asserts that he was denied sufficient time to conduct adequate research, file a written objection to the two-level aggravated role enhancement, and gather evidence and witnesses in support of his objection.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rule 32 provides that the probation officer must disclose the PSR to the defendant 35 days prior to sentencing "unless the defendant waives this minimum period." FED. R. CRIM. P. 32(e)(2). Defense counsel explicitly agreed to hold the sentencing hearing one week after the PSR was to be revised to include the aggravated role enhancement based upon new information from a codefendant. During the subsequent sentencing hearing, counsel did not request additional time to prepare but instead proceeded without objection to the timing of the disclosure of the revised PSR. Counsel presented a detailed objection to the two-level enhancement and conducted a thorough cross examination of the codefendant who provided the information. Cruz-Flores cannot now claim that he had insufficient time to investigate and respond to the revised PSR. *See* FED. R. CRIM. P. 32(e); *United States v. Johnston*, 127 F.3d 380, 403-04 (5th Cir. 1997) ("Considering counsel's statement that he was ready to proceed with the sentencing, defendant cannot now claim that he had insufficient time to investigate the charge.").

Moreover, even if we were to hold that Cruz-Flores did not waive the 35-day period under Rule 32(e), he fails to establish that the timing of the disclosure was plain error. *See United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001) ("As neither applicant raised the issue of noncompliance with Rule 32 in the district court, however, we correct the error only if the error was plain and affected the applicants' substantial rights."). He points to nothing in the record that indicates that his sentence would have been different if he had received the PSR 35 days prior to the sentencing hearing. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (explaining that, for an error to warrant reversal for plain error, it "must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings" (internal quotation marks and citation omitted)).

Cruz-Flores also challenges the district court's finding that he recruited and exercised managerial authority over at least one other person involved in the offense. The district court relied on in-court testimony by Cruz-Flores's codefendant to make the finding. As he argued in the district court, Cruz-Flores asserts that the testimony lacked sufficient indicia of reliability to form the basis of the enhancement because his codefendant was poised to receive a lesser sentence in exchange for testifying. The district court was able to observe the witness's demeanor as he testified to facts within his personal knowledge. We defer to the district court's credibility determination. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008) (noting, in review of a sentence level enhancement, that we give deference to a district court's credibility determinations).

Additionally, Cruz-Flores asserts that his codefendant's testimony was not credible because he testified that Cruz-Flores used a mobile telephone or radio to communicate with someone in the United States, but no such device was found by the arresting agents. The fact that no phone or radio was found does not render the district court's finding implausible in light of the record as a whole. The agents described how the suspects, including Cruz-Flores, jumped into a sand pit filled with water in an attempt to escape. It is plausible that any mobile device Cruz-Flores was carrying was discarded or lost in the water. The district court's finding that he exercised managerial authority is "plausible in light of the entire record," and thus it is not clearly erroneous. *See United States v. Valles*, 484 F.3d 745, 759 (5th Cir. 2007) ("A factual finding is not clearly erroneous if it is plausible in light of the entire record.").

The judgment of the district court is AFFIRMED.