# United States Court of Appeals for the Fifth Circuit

---

No. 23-30721

---

United States Court of Appeals
Fifth Circuit

**FILED**

September 5, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Alfredo Lezama-Ramirez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CR-182-1

---

Before Southwick, Oldham, and Ramirez, *Circuit Judges*.

Per Curiam:

Luis Alfredo Lezama-Ramirez, a previously removed alien, pleaded guilty to unlawful reentry under 8 U.S.C. § 1326(a). The district court sentenced him to 24 months in prison and one year of supervised release. He challenges various discrepancies between the supervised-release conditions imposed at sentencing and those listed in the district court's written judgment. We affirm in part and vacate in part.

No. 23-30721

I

After Lezama-Ramirez pleaded guilty, the Probation Office prepared a presentence report ("PSR") and sent it to his counsel. The PSR included a list of thirteen "Standard Conditions" and two "Special Conditions" of supervised release.

At sentencing, Lezama-Ramirez's counsel confirmed that he had no objections to the PSR. And counsel referred to the PSR several times during the sentencing hearing. Without objection, the district court adopted the PSR.

The district court then imposed a one-year term of supervised release and ordered Lezama-Ramirez to comply with various supervised-release conditions. The district court did not read those conditions out loud, however. Rather, as relevant here, the district court ordered Lezama-Ramirez to "comply with all other standard conditions of supervised release" and two special conditions. Then the district court's written judgment included thirteen standard conditions and two special conditions. The standard and special conditions listed in the written judgment were identical to the conditions disclosed in the PSR.

II

We first address Lezama-Ramirez's challenge to Standard Conditions 2–9, Standard Conditions 11–13, and Special Condition 1. These conditions were listed in the written judgment and the PSR. But the district court did not read them out loud at sentencing. Because Lezama-Ramirez had notice of the supervised-release conditions in the PSR, and because he failed to object at sentencing when the district court imposed them, our review is for plain error. *United States v. Diggles*, 957 F.3d 551, 563 (5th Cir. 2020) (en banc).

2

No. 23-30721

We have repeatedly held that a district court need not read out loud the conditions of supervised release when those conditions are disclosed in the PSR. *See, e.g.*, *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020); *United States v. Molina-Alonso*, 834 F. App'x 80, 82 (5th Cir. 2020) (per curiam); *accord Diggles*, 957 F.3d at 561. The district court need not confirm that the defendant read the PSR; rather, we draw reasonable inferences from the record to determine whether the defendant understood that the conditions imposed at sentencing are the ones that were disclosed in the PSR. *See United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001); *United States v. Duruisseau*, No. 20-30649, 2021 WL 5778463, at *3 (5th Cir. Dec. 6, 2021).

The district court did not err, much less did it plainly err.[*] It is clear from the record that Lezama-Ramirez's counsel was intimately familiar with the PSR, and that the document was the centerpiece of sentencing. Lezama-Ramirez's lawyer even corrected the district court's erroneous statement about his criminal history category by identifying the PSR page number that included the correct information. Moreover, during his allocution, Lezama-Ramirez himself told the district court that he "would also comply with all the requisites or the requirements that the Court ask[s] of me." And it makes sense that Lezama-Ramirez would know what those requirements were because the supervised-release conditions disclosed in the PSR and imposed at sentencing and in the written judgment in this case are identical to the ones previously imposed at his prior § 1326(a) sentencing.

---

[*] Lezama-Ramirez does not challenge the district court's failure to confirm that he read the PSR under Rule 32. *See* Fed. R. Crim. P. 32(i)(1)(A) ("At sentencing, the court must verify that the defendant and the defendant's attorney have read and discussed the [PSR] and any addendum to the report."). Nor would he succeed if he had. *See Esparza-Gonzalez*, 268 F.3d at 274.

Thus, Lezama-Ramirez cannot show reversible error.

## III

We now turn to Lezama-Ramirez's objections to Special Condition 2 and Standard Condition 10. Both conditions appeared in identical form in the PSR and the court's written judgment.  But in its oral pronouncement at sentencing, the district court varied in its description of the conditions. Because Lezama-Ramirez could not have known about (and hence could not have objected to) this variance until he saw the written judgment after sentencing, our review is for abuse of discretion. *United States v. Pelayo-Zamarripa*, 81 F.4th 456, 459 (5th Cir. 2023) (quotation omitted).

Not all discrepancies between oral and written conditions "arise to the level of an actual conflict." *Id.* at 459–60. Rather, "we ask whether the written judgment broadens the restrictions or requirements of supervised release, or imposes a more burdensome requirement than that of the oral pronouncement." *Id.* at 460 (citation modified). But where "the discrepancy between the two merely reflects an ambiguity," we "examin[e] the entire record" to determine the sentencing court's intent. *United States v. Tanner*, 984 F.3d 454, 456 (5th Cir. 2021).

Special Condition 2, as orally pronounced, stated that "if [Lezama-Ramirez] is deported," he cannot "re-enter the United States without the written permission of the Secretary of Homeland Security." The written judgment, by contrast, added that if Lezama-Ramirez re-enters the United States, he must "report to the nearest United States Probation Office within 72 hours." As the Government concedes, the reporting requirement imposes an additional burden. *See United States v. Riojas-Flores*, 834 F. App'x 120 (5th Cir. 2021) (per curiam). So we must vacate this condition and remand so the district court can conform it to the oral pronouncement.

No. 23-30721

Standard Condition 10, as orally pronounced, states that Lezama-Ramirez "[s]hall be prohibited from possessing a firearm, ammunition, destructive device, or any other dangerous weapon." But the written judgment states he "must not own, possess, or have access to" those things. The difference between these two conditions is best described as an ambiguity rather than a conflict. The written judgment "defines [the] scope" of the orally pronounced condition despite its "different terms." *United States v. Thomas*, 830 F. App'x 420, 423–24 (5th Cir. 2020) (per curiam). The district court therefore did not abuse its discretion in imposing this condition.

* * *

We VACATE the district court's imposition of Special Condition 2, and we REMAND so the district court can conform it to the condition orally pronounced at sentencing. We otherwise AFFIRM.

No. 23-30721

Leslie H. Southwick, *Circuit Judge*, dissenting:

The majority uses standards from our Rule 32 cases to infer that the defendant had notice of the supervised release conditions recommended in the PSR. Although the majority's move in this regard is not clearly foreclosed by our precedent, our oral pronouncement cases have never indicated that we make inferences to the same extent as we do in our Rule 32 cases, except in one unpublished decision in which the panel did not accept the Government's concession of error. *See United States v. Martinez-Rivera*, No. 24-20031, 2025 WL 985711, at *2 (5th Cir. Apr. 2, 2025); Brief of Plaintiff-Appellee at 9–11, *Martinez-Rivera*, No. 24-20031, 2024 WL 4483744. Another panel appears to have distinguished what the two lines of cases require. *See United States v. Duruisseau*, No. 20-30649, 2021 WL 5778463, at *3 (5th Cir. Dec. 6, 2021) (making inferences typical of our Rule 32 cases but then faulting the district court for "not specifically verify[ing] that [the defendant] had reviewed the PSR with his counsel").

I interpret our oral pronouncement cases to require something closer to asking the defendant directly if he reviewed the PSR with counsel.[1] *See, e.g.*, *United States v. Diggles*, 957 F.3d 551, 561 n.5 (5th Cir. 2020) (*en banc*); *United States v. Baez-Adriano*, 74 F.4th 292, 301 n.4, 304 (5th Cir. 2023); *United States v. Quezada-Atayde*, --- F.4th ----, No. 24-20570, 2025 WL 2237939, at *2 (5th Cir. Aug. 6, 2025). Because that did not happen here, I would excise standard conditions 2–9, standard conditions 11–13, and special condition 1 from the written judgment. I respectfully dissent.

---

[1] Even if I am wrong and the standards of our Rule 32 cases do apply in this context, I do not think the record supports an inference that Lezama-Ramirez reviewed the PSR with counsel. The record clearly supports a conclusion that counsel reviewed the PSR, but our precedents have been careful to distinguish between inferring that counsel reviewed the PSR and inferring that the defendant reviewed the PSR. *See United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001).