IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50105
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENITO MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-316-1-DB
--------------------
January 29, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

A jury convicted Benito Martinez of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, and he was sentenced to 130 months' imprisonment. On appeal, Martinez argues that his sentence should be vacated and this matter remanded for re-sentencing because the district court: (1) did not comply with FED. R. CRIM. P. 32(c)(3)(A); (2) erred by assessing him a two-level adjustment pursuant to U.S.S.G.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3B1.1(c); and (3) erred in determining the amount of marijuana attributable to him.

Martinez first argues that the district court's failure to determine that he and his counsel had read and discussed the presentence report was a violation of FED. R. CRIM. P. 32(c)(3)(A) which constitutes reversible error. Martinez did not raise this issue below, and therefore we review for plain error. United States v. Esparza-Gonzalez, 268 F.3d 272, 273-74 (5th Cir. 2001), cert. denied, 122 S. Ct. 1547 (2002). Martinez has not shown what additional arguments he could have made that might have resulted in a lower sentence. Thus, Martinez has failed to show plain error. See id.; United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

Next, Martinez argues that the district court erred in finding that he was a leader or organizer of criminal activity and in increasing his offense level by two levels pursuant to U.S.S.G. § 3B1.1(c). The facts presented in the presentence report and the evidence adduced at trial support the district court's finding that Martinez was an organizer or leader of a conspiracy to distribute marijuana. See United States v. Glinsey, 209 F.3d 386, 396 (5th Cir.), cert. denied, 531 U.S. 919 (2000).

Finally, Martinez argues that the district court erred in attributing 560 kilograms of marijuana to him because only 267 kilograms of marijuana were actually seized in this case. The

district court did not clearly err in finding that 560 kilograms of marijuana should be attributed to Martinez.  See United States v. Morris, 46 F.3d 410, 422 (5th Cir. 1995); United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995).

The judgment of the district court is AFFIRMED.