UNITED STATES of America, Plaintiff–Appellee,

v.

Juan Reyna VICTORIA, Defendant–Appellant.

No. 88–7027
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 29, 1989.

Charles Louis Roberts, Robert R. Harris, El Paso, Tex., for defendant-appellant.

LeRoy Morgan Jahn, and Philip Police, Asst. U.S. Attys., and Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before RUBIN, GARWOOD, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A defendant convicted of a federal offense challenges his sentence imposed under the Federal Sentencing Guidelines. He contends that the guidelines violate the separation of powers doctrine; the legislation that resulted in the guidelines violates due process by limiting his right to present mitigating circumstances to a judicial officer; and the sentence was invalidly imposed because the district court did not expressly interrogate him about whether he had read his presentence investigation report. We hold that the guidelines do not contravene the separation of powers requirement and do not deprive the defendant of the right to present evidence of mitigating circumstances. We further hold that while a district court must, before sentencing, provide a defendant with an opportunity to read the presentence report, it is not sacramental that the court inquire expressly whether the defendant has read the report if the record makes clear that he was afforded an opportunity to do so. Accordingly, we affirm the district court's judgment.

I.

A grand jury indicted Juan Reyna Victoria. One count charges that Victoria conspired to possess marihuana with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1). Another charges that Victoria possessed marihuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Victoria pleaded guilty to both counts. The district court judge then sentenced Victoria to a 78-month prison term on the first count and a concurrent 60-month prison term on the second.

Victoria does not charge that the sentence violates the guidelines, but argues that the guidelines legislation violates the separation of powers doctrine because it: (1) grants substantive legislative power to the judicial branch; (2) places the United States Sentencing Commission (Commission) in the judicial branch; and (3) impairs the judicial function of those federal judges who sit on the Commission.

II.

In *United States v. Mistretta*[1] the Supreme Court recently held that the establishment of the Commission in the judicial branch does not give substantial legislative power to the Commission and therefore does not violate the nondelegation doctrine. The Court also held in *Mistretta* that the statute establishing the Commission was not unconstitutional because it placed the Commission in the Judicial Branch.[2] Finally, *Mistretta* explicitly rejected the argument that participation of federal judges on the Commission violates the separation of powers doctrine, stating that the judges' role in formulating the guidelines "does not affect their ... ability

1. —— U.S. ——, 109 S.Ct. 647, 654, 102 L.Ed.2d 714 (1989).

2. *Mistretta*, 109 S.Ct. at 667, 675.

impartially to adjudicate sentencing issues."[3]

### III.

▓ The sentencing guidelines did not violate Victoria's right to due process by limiting his ability to present mitigating circumstances to a judicial officer. His counsel challenged aspects of Victoria's Presentence Investigation Report (PSIR) and argued for the mitigation of his sentence. Also, the judge gave Victoria an unrestricted right to make a statement explaining why he should be given a lenient sentence. We explicitly rejected Victoria's argument that the guidelines unduly constrain a defendant's right to present mitigating considerations, moreover, in *United States v. White*.[4]

### IV.

▓ Victoria claims that the district court did not allow him to examine his PSIR as required by the Due Process Clause of the Fifth Amendment and the Federal Rules of Criminal Procedure, which provide that "[a]t a reasonable time before imposing sentence the court shall permit the defendant ... to read the report of the presentence investigation."[5] He bases this argument on the contention that the sentencing hearing transcript does not demonstrate that the appellant had read the report. Whether Victoria in fact read the report and whether the record reflects affirmatively that he did or that he had an opportunity to do so are of course quite different. At any rate, the record, read as a whole, clearly shows that Victoria both had an opportunity to and did examine the PSIR before he was sentenced. Victoria's attorney filed written objections to the PSIR almost two weeks before sentencing, and Victoria himself acknowledged in writing at his sentencing that he had examined it.

Victoria also claims that the transcript does not show that the district court "even inquired about the issue." He thus seems to be arguing that a judge must specifically ask a defendant whether the defendant has read the presentence report.

Rule 32(a)(1)(A) requires a district court to "determine that the defendant and his counsel have had the opportunity to read and discuss the presentence investigation report," but this court has not determined whether this rule further requires a judge specifically to ask a defendant whether he has read the PSIR. The Seventh Circuit has adopted the view that it does,[6] although five circuits have expressly rejected it.[7] These five circuits have held that a court may draw reasonable inferences from court documents, the defendant's statements, and counsel's statements when determining whether a defendant has "had the opportunity to read and discuss" the PSIR with his counsel.[8] We elect to follow the more logical majority rule.

The district court could reasonably have inferred that Victoria and his counsel had not only had an opportunity to, but had in fact, reviewed the PSIR. Victoria's counsel had had access to the PSIR almost one month before sentencing, and had filed written objections to the report approximately two weeks before sentencing. Also, as we have noted, Victoria acknowledged in writing at his sentencing that he had examined the report. Therefore, the judge's failure to ask Victoria specifically whether he had read the PSIR did not violate his rights.

---

**3.** *Mistretta,* 109 S.Ct. at 672.

**4.** *United States v. White,* 869 F.2d 822, 825 (5th Cir.1989).

**5.** Fed.R.Crim.P. 32(c)(3)(A).

**6.** *United States v. Rone,* 743 F.2d 1169, 1174 (7th Cir.1984).

**7.** *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir.1988); *United States v. Miller,* 849 F.2d 896, 898 (4th Cir.1988); *United States v. Cortez,* 841 F.2d 456, 460 (2d Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 2829, 100 L.Ed.2d 929 (1988); *United States v. Aleman,* 832 F.2d 142, 144 n. 6 (11th Cir.1987); *United States v. Mays,* 798 F.2d 78, 80 (3d Cir.1986).

**8.** *See, e.g., Miller,* 849 F.2d at 898.

## V.

For these reasons the judgment is AFFIRMED.