**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-10803

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL NAJERA-OJEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas
(6:95-CR-0002-C)

_____

July 2, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Manuel Najera-Ojeda pleaded guilty to illegal reentry into the United States after previous deportation, in violation of 8 U.S.C. § 1326. He filed a timely notice of appeal, and we affirm.

Najera-Ojeda argues that the district court entered an illegal sentence by failing to follow FED. R. CRIM. P. 32(c)(3)(A). We have

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

reviewed the record and hold that the district court substantially followed Rule 32(c)(3)(A). *See United States v. Victoria,* 877 F.2d 338, 340 (5th Cir. 1989) (stating that "a court may draw reasonable inferences from court documents, the defendant's statements, and counsel's statements when determining whether a defendant has 'had the opportunity to read and discuss' the PSIR with his counsel") (quoting *United States v. Miller,* 849 F.2d 896, 898 (4th Cir. 1988)). Even assuming that the district court erred in failing to specifically ask Najera-Ojeda and his counsel whether they had read and discussed the PSR, Najera-Ojeda must demonstrate that the error was not harmless. *See* FED. R. CRIM. P. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."); *United States v. Boutte,* 13 F.3d 855, 858 (5th Cir.) (stating that a defendant must show with some particularity how the district court's violation of the Rules of Criminal Procedure hindered his defense), *cert. denied,* ___ U.S. ___, 115 S. Ct. 71, 130 L. Ed. 2d 27 (1994). Najera-Ojeda does not claim prejudice as a result of the court's violation of Rule 32(c)(3)(A), nor does he even allege that he did not read and discuss the PSR with his attorney. We therefore hold that any error was harmless.

Acknowledging that Fifth Circuit precedent is contrary to his position, Najera-Ojeda argues that his sentence was imposed in violation of the law because the indictment did not contain an

allegation that he committed a prior felony. *See United States v. Vasquez-Olvera,* 999 F.2d 943, 945-46 (5th Cir. 1993) (holding that the indictment need not contain an allegation that the defendant committed a prior felony if he is to be convicted under 8 U.S.C. § 1326(b)(2)), *cert. denied,* ___ U.S. ___, 114 S. Ct. 889, 127 L. Ed. 2d 82 (1994). Because we cannot overrule a decision of another Fifth Circuit panel, we hold that Najera-Ojeda has failed to demonstrate any reversible error.[2] *See United States v. Taylor,* 933 F.2d 307, 313 (5th Cir.), *cert. denied,* 502 U.S. 883, 112 S. Ct. 235, 116 L. Ed. 2d (1991).

For the foregoing reasons, we AFFIRM Najera-Ojeda's conviction.

---

[2] We also note that Najera-Ojeda has failed to demonstrate that this error is jurisdictional. *See United States v. Owens,* 996 F.2d 59, 60 (5th Cir. 1993) ("By pleading guilty to an offense, a criminal defendant waives all non-jurisdictional defects preceding the plea.").