**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-10344

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

THOMAS JAMES MORAN, JR.,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas

(1:98-CR-58-2)

March 8, 2000

Before HIGGINBOTHAM and PARKER, Circuit Judges, and WARD,[*] District Judge:

PER CURIAM:[**]

Thomas James Moran, Jr. appeals his convictions and sentences for conspiracy to commit violations of 18 U.S.C. §§ 2314 (interstate transportation of stolen property and property taken by

---

[*]District Judge of the Eastern District of Texas, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

fraud) and 2315 (receipt of stolen property and property taken by fraud) a violation of 18 U.S.C. § 371; interstate transportation of stolen property, a violation of 18 U.S.C. §§ 2314 and 2; and receiving stolen equipment in interstate commerce, a violation of 18 U.S.C. § 2315 and 2. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

Moran and his co-defendant, Roy Sanders, purchased restaurant supplies and equipment in Kentucky and Tennessee using funds from their employer, Shoney's Restaurants, and transported the goods to Texas for use in their own restaurant, Knockers. They also stole equipment from Shoney's restaurants in Kentucky and Tennessee and transported it to Texas to use in their restaurant.

On the third day of their jury trial, Sanders pleaded guilty. He is not a party to this appeal. The jury found Moran guilty of all counts. Moran was sentenced to three concurrent twenty-seven month prison terms, restitution in the amount of $66,059.00, a $300 special assessment and a three-year term of supervised release.

## RULE 32(c)(3)(A) VIOLATION

Federal Rule of Criminal Procedure 32(c)(3)(A) provides:

(3) Imposition of Sentence. Before imposing sentence, the courts must:
    (A) verify that the defendant and the defendant's counsel have read and discussed the Presentence Report . . .

Moran alleges that the district court violated Rule 32(c)(3)(A) by failing to verify that he and his attorney had read and discussed the Presentence Report ("PSR"). Because Moran failed to object to this alleged error at sentencing, our review is

restricted to plain error. *See United States v. Navejar*, 963 F.2d 732, 734 (5th Cir. 1992)("The contemporaneous objection rule applies equally to sentencing hearing as to trial.") Plain error is error which, when examined in the context of the entire case, is so obvious and substantial that failure to notice and correct it would affect the fairness, integrity or public reputation of judicial proceedings. *See United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).

We have held that if a district court fails specifically to ask a defendant and his counsel whether or not he has read and discussed the PSR with his attorney, it may base a determination on reasonable inferences from court documents, the defendant's statements, and counsel's statements. *See United States v. Victoria*, 877 F.2d 338, 340 (5th Cir. 1989)[1]. The record shows that the PSR was disclosed approximately one month before the sentencing hearing and a date was set for filing objections. At the sentencing hearing, the district court stated that "[t]he file reflects both the Government and defendant have filed statements adopting the matters set[] forth in the pre-sentence report." The court's pronouncement arguably implies a finding that Moran was given the opportunity to read the PSR and discuss it with his counsel.

---

[1]Amendments to Federal Rule of Civil Procedure 32 after this court decided *Victoria* do not abrogate its analysis. In 1989, when *Victoria* was decided, the provision at issue resided in 32(a)(1)(A). The April 1, 1994 amendments to the rule moved the provision to 32(c)(3)(A) with minor changes, not relevant to the question presented in this appeal.

Further, when the district court learned that Moran's trial counsel was absent from the sentencing hearing and that he had sent substitute counsel, he asked, "Mr. Moran, let me ask you, are you satisfied with representation this morning, or do you wish [trial counsel] Mr. Martinez be here for sentencing?"

Moran responded, "Sir, I have not seen David Martinez since the day I was locked up. Today is just as good a day as any."

Both parties make much of this exchange. Moran contends that his statement indicates that he had not had an opportunity to discuss the PSR with his counsel. The Government argues that in response to an express inquiry from the court, Moran indicated he had no objection to going forward with the sentencing. To buttress this position, the Government notes that, when Moran had a second opportunity to address the court just prior to imposition of sentence, he had nothing to say.

"Whether [Moran] in fact read the report and whether the record reflects affirmatively that he did or that he had an opportunity to do so are of course quite different." *Victoria*, 887 F.2d at 340. While the record does not conclusively show that Moran read and discussed the PSR with his attorney, he was represented by counsel and given two express opportunities to personally address the court. Given the indications in the record that the PSR was timely and properly disclosed to Moran and that he made no objection personally or through his counsel concerning his opportunity to review and discuss it prior to sentencing, we find no plain error.

INEFFECTIVE ASSISTANCE OF COUNSEL

Moran raises several claims of ineffective assistance of counsel. "A claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987). This court will "resolve claims of inadequate representation on direct appeal only in rare cases where the record allow[s] [the court] to evaluate fairly the merits of the claim." *United States v. Andrews*, 22 F.3d 1328, 1345 (5th Cir. 1994)(internal quotation and citation omitted). This issue has not yet been raised in the district court. Consequently, there has been no chance to develop the record concerning this issue. We therefore decline to address Moran's ineffective assistance of counsel claim on direct appeal.

## CONCLUSION

Based on the foregoing, we affirm Moran's convictions and sentences.

AFFIRMED.