IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 00-50282
Conference Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAUL MICHEL-DIAZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-1791-1-H
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:*

Saul Michel-Diaz (Michel) appeals his sentence for illegal reentry after deportation. He asserts that the district court committed reversible error under FED. R. CRIM. P. 34(c)(3)(A) by failing to verify at sentencing whether Michel had read his presentence investigation report and discussed it with counsel. Because the record does not establish that Michel was familiar with the report, the district court erred in not questioning Michel about whether he had read the report and discussed it with

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel.  See United States v. Victoria, 877 F.2d 338, 340 (5th Cir. 1989).

Michel contends that this failure is not subject to harmless-error analysis but requires that his sentence be vacated and remanded for resentencing.  He has not attempted to establish prejudice, and he does not argue that he did not review the presentence report or discuss it with counsel.  Because the issue of noncompliance was not raised in the district court, review is for plain error.  United States v. Vasquez, 216 F.3d 456, 458-59 (5th Cir. 2000), petition for cert. filed (U.S. Sept. 25, 2000) (No. 00-6282).  Michel has failed to show that the district court's failure to ask him on the record whether he had read the presentence report was plainly erroneous because he has not shown that the error affected his substantial rights.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).  Michel's conviction and sentence are therefore AFFIRMED.

Michel and the Government have moved to file supplemental briefs addressing the applicability of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000).  He concedes that he is raising this issue only to preserve for Supreme Court review the question whether Apprendi overruled Almendarez-Torres v. United States, 523 U.S. 224 (1998).  This is an attempt to raise a new argument, which is not the purpose of supplementation on appeal.  5TH CIR. R. 28.5; FED. R. APP. P. 28(j).  Consequently, the motions are DENIED.

AFFIRMED; MOTIONS DENIED.