**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellant,

v.

SALVADOR MARTINEZ,

      Defendant-Appellee.

No. 04-2298

(D. New Mexico)

(D.C. No. CR-04-524)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **HENRY**, and **McCONNELL**, Circuit Judges.[**]

---

Salvador Martinez was convicted after a guilty plea of possessing cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On appeal, he argues that: (1) there was an insufficient factual basis for his guilty plea; (2) the district court erred by failing to determine whether he had an opportunity to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

review the presentence report; and (3) in applying the statutory safety valve provision, 18 U.S.C. § 3553(f)(1), the district court violated his Sixth Amendment rights under United States v. Booker, 125 S. Ct. 738 (2005), by finding that he was not entitled to be sentenced below the statutory minimum because he had more than one criminal history point.

We are not persuaded by Mr. Martinez's arguments, and we therefore affirm his sentence.

## I. BACKGROUND

On December 16, 2003, Mr. Martinez passed through the United States Border Patrol checkpoint on Highway 54 near Alamagordo, New Mexico. He was driving a Volkswagen Jetta, and no one else was in the car.

Mr. Martinez told a Border Patrol agent that the car was owned by his cousin. The agent reviewed the registration papers and noticed that the license plate did not match the registration.

Mr. Martinez agreed to a canine inspection. The dog alerted to the left side of the rear fender. Border Patrol agents removed the rear seat, found a hidden compartment, and discovered nineteen bundles of cocaine, weighing 12.9 kilograms.

When questioned by Border Patrol agents, Mr. Martinez stated that he had driven his own car to Juarez, Mexico to visit his family. His car had broken down and he had borrowed the Jetta from his cousin. He explained that he intended to drive the car to Clovis, New Mexico to see his wife and children. However, Mr. Martinez was unable to provide an address and phone number for his family there. He did tell the agents that they could call his mother to confirm these travel plans.

The government charged Mr. Martinez in a one-count indictment with violating 21 U.S.C. § 841(a)(1) and (b)(1)(A) by possessing with intent to distribute five or more kilograms of cocaine. Mr. Martinez pleaded guilty.

The probation officer prepared a presentence report to which Mr. Martinez did not object. Based on the amount of cocaine in the car, the report determined the offense level to be 32. The report granted Mr. Martinez a three-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1, arriving at a final offense level of 29. The report assigned Mr. Martinez two criminal history points (based on two convictions for driving while intoxicated).

The presentence report determined the Guideline range of imprisonment to be 87 to 121 months. Because the offense involved five or more kilograms of cocaine, the mandatory minimum sentence was 120 months' imprisonment. See 21 U.S.C. § 841(b)(1)(A). The court sentenced Mr. Martinez to the mandatory minimum.

## II. DISCUSSION

Mr. Martinez now argues that the district court violated (1) Federal Rule of Criminal Procedure 11, by accepting his guilty plea without a sufficient factual basis; (2) Federal Rule of Criminal Procedure 32(i)(1)(A) by failing to determine whether he had had an opportunity to review the presentence report; and (3) his Sixth Amendment rights under Booker in applying the statutory safety valve provision, 18 U.S.C. § 3553(f)(1).

Our review of the record indicates that Mr. Martinez did not raise these issues in the district court proceedings. Accordingly, our review is for plain error. See United States v. Sanchez-Cruz, 392 F.3d 1196, 1199 (10th Cir. 2004). ("When a defendant fails to raise a Rule 11 error during his sentencing hearing, . . . we review only for plain error."); United States v. Williamson, 53 F.3d 1500, 1527 (10th Cir. 1995) (concluding that, when a defendant has not objected to a violation of Fed. R. Crim. P. 32, this court's review "is limited to determining whether these alleged failures . . . amounted to plain error"); United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (reviewing a Booker claim for plain error because it was not raised below).

To establish plain error, Mr. Martinez must demonstrate there is (1) error, (2) that is plain and (3) the error affects his substantial rights. United States v. Dazey, 403 F.3d 1147, 1174 (10th Cir.2005); Gonzalez-Huerta, 403 F.3d at 732. If these three standards are satisfied, we may exercise our discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Dazey, 403 F.3d at 1174 (citing United States v. Cotton, 535 U.S. 625, 631-32 (2002)).

### A. Factual Basis for Guilty Plea

Rule 11(b)(3) of the Federal Rules of Criminal Procedure provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." FED. R. CRIM. P. 11(b)(3). In order to establish the required factual basis, "[a]n inquiry might be made of the defendant, of the attorneys for the government and the defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case." United States. v. Keiswetter, 860 F.2d 992, 996 (10th Cir. 1988) (quoting FED. R. CRIM. P. 11 advisory committee's notes (1974 amendment note to subdivision (f))).

"The ideal means to establish the factual basis for a guilty plea is for the district court to ask the defendant to state, in the defendant's own words, what the defendant did that he believes constitutes the crime to which he is pleading

guilty." United States v. Bennett, 291 F.3d 888, 894 (6th Cir. 2002). However, the government may rely on circumstantial evidence in satisfying Rule 11. See United States v. Lomow, 266 F.3d 1013, 1017 (9th Cir. 2001). Moreover, Rule 11 "'does not require the judge to replicate the trial that the prosecutor and defendant entered a plea agreement to avoid.'" Keiswetter, 860 F.3d at 996 (quoting United States v. Lumpkins, 845 F.2d 1444, 1451 (7th Cir. 1988)).

Here, in setting forth the factual basis for Mr. Martinez's plea, the government relied on the following statement of the prosecutor at the plea hearing:

> Your Honor, if this matter were to proceed to trial, the Government would prove, with competent evidence beyond a reasonable doubt, that on or about December 16, 2003, Mr. Martinez was driving a VW Jetta up to the checkpoint on Highway 54 in Otero County. At that time, the vehicle was inspected and they found, in the vehicle, cocaine. And the approximate weight is 12.4 kilograms of cocaine. And that substance was tested by a forensic chemist.

Rec. vol. IV. at 6 (Tr. of June 21, 2004 Plea Hr'g).

The district court then asked Mr. Martinez's attorney if she was satisfied that the government could make out its case. The attorney stated, "Yes, Your Honor, very." Id. at 7. The court then found that there were sufficient facts to support the guilty plea. After Mr. Martinez stated that he wished to plead guilty, the court stated to him, "[Y]ou heard what [the prosecutor] said a moment ago

about driving up to the checkpoint in this Jetta.  Did you know that there were . . . approximately 12 kilograms of cocaine in the car?"  Id. at 8.  Mr. Martinez responded, "Yes."  Id.

Mr. Martinez now argues that record does not establish a factual basis for his plea because the court failed to determine when he knew about the cocaine in his car.  He asserts that  "[l]eft unasked and unanswered are whether [Mr.] Martinez knew that there was cocaine in the car before he arrived at the checkstop, or whether he learned about the cocaine when the checkstop authorities located it, or whether he learned about the cocaine in the car after he was charged and detained."  Aplt's Br. at 7.

We are not persuaded by Mr. Martinez's argument.  The evidence summarized by the prosecutor permits the inference that Mr. Martinez knew the cocaine was in the car and that he intended to distribute it.  See United States v. Jenkins, 175 F.3d 1208, 1216 (10th Cir. 1999) (concluding that possession under § 841(a)(1) may be actual or constructive and that "[c]onstructive possession occurs when a person knowingly has ownership, dominion, or control over the narcotics and the premises where the narcotics are found") (internal quotation marks omitted); United States v. Pulido-Jacobo, 377 F.3d 1124, 1131 (10th Cir. 2004) ("a jury may infer intent to distribute from the possession of large quantities of drugs").  Moreover, when the district court asked Mr. Martinez

whether he knew about the cocaine, Mr. Martinez answered affirmatively and offered no qualification as to when he knew about the cocaine. Cf. Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

Accordingly, we conclude that the district court did not err in determining that there was a factual basis for Mr. Martinez's guilty plea. Thus, Mr. Martinez fails to satisfy even the first prong of the plain error standard. See Dazey, 403 F.3d at 1174.

### B. Opportunity to review the presentence report

Mr. Martinez next argues that his sentence should be vacated because the district court failed to verify that he had read the presentence report or that he had discussed the report with counsel. Mr. Martinez's argument is based upon the provision of Rule 32 of the Federal Rules of Criminal Procedure that provides that, "at sentencing, the court . . . must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." FED. R. CRIM. P. 32(i)(1)(A).

Here, Mr. Martinez maintains, the district court did not inquire whether he had read the report and discussed it with his attorney. Mr. Martinez further argues that this error was prejudicial. He asserts that upon reviewing the presentence report, he discovered an error that "if communicated to his defense

counsel, reduced to written objection, and argued to the Court, might have afforded him relief from the statutory 120-month minimum sentence he received." Aplt's Br. at 9.

In response, the government admits that "[t]he district court did not ask Martinez explicitly whether he had read and discussed the report with his attorney." Aple's Br. at 13. However, the government maintains, the record indicates that Mr. Martinez had in fact reviewed the presentence report. In particular, when the court asked Mr. Martinez's attorney whether there were any additions or corrections to the presentence report, she at first replied, "I don't believe so, Your Honor. Not at this time." Rec. vol. III, at 2 (Tr. of Oct. 19, 2004 Sentencing Hr'g). Then, there was a discussion off the record, and Mr. Martinez's attorney said, "Your Honor, he has some certificates, as well, that he would like to show you." Id. Then, after a discussion off the record, Mr. Martinez's attorney described the certificates that Mr. Martinez wanted the court to review. The attorney also stated, "there is a correction he [Martinez] would like to make on the cover sheet . . . he has six dependents rather than three." Id. at 3.

In applying this provision of Rule 32, this circuit has held that "the sentencing court 'may draw reasonable inferences from court documents, the defendant's statements, and counsel's statements' in determining whether the

defendant and counsel had the opportunity to read and discuss the presentence report.'" United States v. Rangel-Arreola, 991 F.2d 1519, 1525 (10th Cir. 1993) (quoting United States v. Victoria, 877 F.2d 338, 340 (5th Cir. 1989)). We have chosen not to follow the Seventh Circuit, which has required the sentencing court to ask the following specific questions at sentencing: "(1) whether the defendant had an opportunity to read the presentence report; (2) whether the defendant and defense counsel discussed the report; and (3) whether the defendant wishes to challenge any facts in the report." Id. (discussing United States v. Rone, 743 F.2d 1169, 1174 (7th Cir. 1984)). This circuit has also held that "[w]e will remand for resentencing only if defendant suffered prejudice as a result of the Rule 32 violation." United States v. Archer, 70 F.3d 1149, 1151 (10th Cir. 1995). See also Rangel-Arreola, 991 F.2d at 1525 (stating that the sentencing court "could not have reasonably inferred from [the defendant's] or his counsel's statement that [the defendant] had the opportunity to read and discuss the presentence report with counsel" but concluding that "[w]e do not, however, remand for resentencing because [the defendant] suffered no prejudice as a result of the Rule 32 violation").

From our review of the record here, we cannot be assured that Mr. Martinez had an opportunity to review the entire presentence report. In a letter to the district court five days after his sentencing, Mr. Martinez sought the appointment

-10-

of an attorney to represent him on direct appeal.  In support of this request, Mr. Martinez stated that "[b]efore I was sentenced, I did not have the opportunity to review my Pre-sentence report which I found had several errors."  Rec. vol. I, doc. 32 (letter dated Oct. 26, 2004).  At the sentencing hearing, the district court asked Mr. Martinez's attorney if she had reviewed the report but did not ask that question directly to Mr. Martinez.  The fact that Mr. Martinez submitted some certificates demonstrating the completion of courses and made a correction on the cover sheet as to the number of his dependents does not establish that he had an opportunity to review the entire report.  Cf. Rangel-Arreola, 991 F.2d at 1526 (noting that "[t]he sentencing judge specifically addressed [the defendant's] counsel concerning the presentence report, but nothing in the phrasing of the question or counsel's reply suggests that [the defendant] had the opportunity to review the presentence report or discuss the report with counsel").

Nevertheless, Mr. Martinez has failed to establish that he was prejudiced by this violation of Federal Rule of Criminal Procedure 32(i)(1)(A).  In his letter to the district court, Mr. Martinez stated, " I think I should only have only 1 Criminal History Point instead of the 2 listed in the PSR Report."   Rec. vol. I, doc. 32.  In his appellate brief, Mr. Martinez stated that "discovered an error in his [presentencing report], that if communicated to his defense counsel, reduced to written objection, and argued to the Court, might have afforded him relief from

the statutory 120-month minimum sentence." Aplt's Br. at 9. However, neither in his letter or his appellate brief does Mr. Martinez offer a further explanation of this error or a discussion of how it could have affected his sentence. Absent such argument or legal authority, we conclude that the district court's error did not affect his substantial rights and that resentencing is thus not warranted under the plain error standard.

### C. Alleged Booker Error

Finally, Mr. Martinez argues that the district court violated his Sixth Amendment rights under Booker. He focuses on the district court's application of the statutory "safety valve" provision, 18 U.S.C.§ 3553(f), which provides:

> Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. [§§] 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. [§§] 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--

-12-

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines; . . .

18 U.S.C. § § 3553(f)(1).

Mr. Martinez focuses on subsection (1). He argues that, in light of <u>Booker</u>, it was error for the district court to rely on the presentence report's finding that he had two criminal history points in concluding that he did not qualify for a "safety valve" sentence under the mandatory minimum. He urges this court to excise subsection (1) from the statute and to remand the case to the district court so that the court can consider the other subsections to determine whether he qualifies for the safety valve.

We see no support in <u>Booker</u> for Mr. Martinez's argument. In <u>United States v. Payton</u>, 405 F.3d 1168, 1173 (10th Cir. 2005), this court rejected a defendant's <u>Booker</u> challenge to a similar "safety valve" provision, the one set forth in the Guidelines:

> [The defendant] . . . argues that the district court's refusal to impose a sentence below the mandatory minimum through application of the § 5C1.2(a)(2) safety valve provision violated her Sixth Amendment rights. This argument relies on an overly broad understanding of <u>Booker</u>'s Sixth Amendment holding. <u>Booker</u> does not prohibit any and all judicial fact-finding; rather, <u>Booker</u> only proscribes judicial fact-finding that increases a sentence beyond the maximum authorized by the jury verdict. <u>Booker</u>, 125 S. Ct. at 756. <u>Nothing in Booker's holding or reasoning suggests that judicial fact-finding to determine whether a lower sentence than the mandatory</u>

-13-

> minimum is warranted implicates a defendant's Sixth Amendment rights.

(Emphasis added).

Our reasoning in <u>Payton</u> is applicable here. Accordingly, the district court did not err in making the finding that the safety valve provision was inapplicable because of Mr. Martinez's criminal history score.

## III.. CONCLUSION

We therefore affirm Mr. Martinez's conviction and sentence.

Entered for the Court,


Robert H. Henry
United States Circuit Judge

-14-