[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 18, 2011
JOHN LEY
CLERK

No. 10-11080
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cr-00064-HL-CWH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELEAZER GAONA-IBARROLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 18, 2011)

Before CARNES, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Eleazer Gaona-Ibarrola appeals his 48-month sentence for reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). After review, we affirm.

## I. BACKGROUND FACTS

**A. Offense Conduct**

Gaona-Ibarrola, a citizen of Mexico, illegally entered the United States for the first time in 1981. In 1988, Gaona-Ibarrola was given temporary resident status. Sometime before 1996, Gaona-Ibarrola's temporary resident status was rescinded, and he left the United States.

Between 1996 and 2005, Gaona-Ibarrola illegally re-entered the United States at least eleven times. The majority of Gaona-Ibarrola's arrests for illegal reentry occurred at the United States/Mexico border. Gaona-Ibarrola voluntarily returned to Mexico seven times, and was deported to Mexico four times.

While in the United States illegally, Gaona-Ibarrola accrued a significant number of criminal convictions, including theft by receiving in 1989; exhibiting a deadly weapon in 1997; simple battery and public drunkenness in 2001; and loitering and prowling in 2003.

On July 30, 2006, Gaona-Ibarrola was arrested in Cobb County, Georgia. Gaona-Ibarrola pled guilty to aggravated assault and was sentenced to three years

in prison.  Subsequently, in federal court, Gaona-Ibarro was charged with, and pled guilty to, one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2).

## B.    Presentence Investigation Report

The presentence investigation report ("PSI") calculated a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a).  The PSI recommended that Gaona-Ibarrola receive: (1) a sixteen-level increase in his base offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), because he was previously deported following a conviction for a crime of violence; and (2) a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.  With a total offense level of 21 and criminal history category of III, the PSI recommended an advisory guidelines range of 46 to 57 months' imprisonment.  The PSI noted, however, that an upward variance might be warranted because of Gaona-Ibarrola's history of immigration violations.

Gaona-Ibarrola filed written objections to the PSI's (1) sixteen-level enhancement, (2) two criminal history points for committing the instant offense while serving a criminal justice sentence, and (3) discussion of the factors that might warrant an upward variance.

## C.    Sentencing

At sentencing, Gaona-Ibarrola reasserted only his objection to the sixteen-level increase for having been deported after committing a crime of violence. Gaona-Ibarrola argued the enhancement was inappropriate because he was still in the custody of the Georgia Department of Corrections for the crime of violence when he was discovered by customs officials and charged with this particular illegal reentry. Therefore, Gaona-Ibarrola had not been deported and reentered after the crime of violence. The government agreed with Gaona-Ibarrola.

The district court sustained Gaona-Ibarrola's objection and recalculated the guidelines range. The district court determined that Gaona-Ibarrola's base offense level was eight, which it reduced by two levels for acceptance of responsibility.[1] The criminal history category remained III, which yielded an advisory guidelines range of two to eight months' imprisonment.

In mitigation, defense counsel argued that: (1) Gaona-Ibarrola had been lawfully in the United States for fifteen years prior to his first deportation; (2) he was first deported because he failed to renew his temporary residency on time; and (3) he had established community ties and was a good employee, as evidenced by letters from past employers.

---

[1]Gaona-Ibarrola was no longer eligible for the additional one-level reduction under U.S.S.G. § 3E1.1(b) because his offense level was less than level 16.

The district court concluded that a 40-month upward variance was warranted, as follows:

> [T]he Court after considering the factors contained 18 United States Code, Section 3553(a)(2) is of the opinion that an upward variance is warranted in this case to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.
>
> A greater sentence would also afford more adequate deterrents [sic] to criminal conduct and protect the public from further crimes of this defendant. The Court notes the prior deportation of the defendant, as well as 11 additional illegal entries into the United States.

The district court imposed a 48-month sentence, followed by three years' supervised release. Gaona-Ibarrola filed this appeal.

## II.  DISCUSSION

On appeal, Gaona-Ibarrola argues that his sentence is procedurally and substantively unreasonable. We review the reasonableness of a sentence for abuse of discretion using a two-step process. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence. Id. Then, we look at whether the sentence is substantively unreasonable under the totality of the circumstances. Id. Gaona-

Ibarrola bears the burden to show his sentence is unreasonable in light of the record and the § 3553(a) factors.[2] United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).

## A. Compliance with Federal Rule of Criminal Procedure 32(i)(1)(A)

Gaona-Ibarrola contends the district court procedurally erred when it failed to ask him whether he had read and discussed the PSI with his counsel. Because Gaona-Ibarrola did not raise his claim of sentencing error in the district court, our review is for plain error. United States v. Beckles, 565 F.3d 832, 842 (11th Cir.) , cert. denied, 130 S. Ct. 272 (2009). Under plain error review, we may reverse only if there is (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings. Id.

Federal Rule of Criminal Procedure 32 requires, among other things, that the district court at sentencing "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the

---

[2]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

report." Fed. R. Crim. P. 32(i)(1)(A). Rule 32 does not state how the sentencing court should make this verification. This Court has not addressed the question in a published opinion.[3]

Here, the government does not dispute that the district court did not ask Gaona-Ibarrola or his counsel whether they had read and discussed the PSI. Even assuming arguendo this was error that was plain, Gaona-Ibarrola has not shown that it affected his substantial rights. To show error that affected substantial rights, Gaona-Ibarrola must demonstrate a reasonable probability of a different result at sentencing absent the error. See United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005). Gaona-Ibarrola has not done so.

Before sentencing, Gaona-Ibarrola's counsel filed written objections to the PSI's guidelines calculations. At sentencing, Goana-Ibarrola's counsel reasserted

---

[3]Among our sister circuits, only one has concluded that Rule 32 requires the district court to expressly ask the defendant whether he has read and discussed the PSI with counsel. See United States v. Mischler, 787 F.2d 240, 246 (7th Cir. 1986) (reversing where district court failed to ask defendant whether he had opportunity to read and discuss PSI with defense counsel). The majority of the circuits to address the question have concluded that the district court may draw a reasonable inference that the defendant has had an opportunity to do so from the record and from statements of the defendant and defense counsel. United States v. McManus, 23 F.3d 878, 885 (4th Cir. 1993); United States v. Cruz, 981 F.2d 613, 619-20 (1st Cir. 1992); United States v. Victoria, 877 F.2d 338, 340 (5th Cir. 1989); United States v. Thomas, 875 F.2d 559, 562 n.1 (6th Cir. 1989); United States v. Mays, 798 F.2d 78, 80 (3d Cir. 1986). This Court, in applying earlier versions of Rule 32, found nothing in the rule that required the district court to specifically ask the defendant and counsel if they had read and discussed the PSI. See United States v. Phillips, 936 F.2d 1252, 1255 (11th Cir. 1991); United States v. Aleman, 832 F.2d 142, 144 n.6 (11th Cir. 1987).

one of those objections–the objection to the sixteen-level increase in his offense level–and prevailed on that point. After sustaining Gaona-Ibarrola's objection, the district court recalculated the guidelines range. Gaona-Ibarrola has not pointed to any other meritorious PSI objections his counsel should have made but did not make. Under the circumstances, Gaona-Ibarrola has not shown, with a probability sufficient to undermine confidence in the outcome, that had the district court asked him whether he had reviewed the PSI with his counsel, he would have received a different sentence.

**B.      Consideration of § 3553(a) Factors and Reason for Sentence**

Gaona-Ibarrola agues that the district court committed procedural error by failing to consider his mitigating circumstances or adequately to explain the sentence.

Although the district court must consider the § 3553(a) factors, it is not required to "articulate specifically the applicability–if any–of each of [them]." United States v. Smith, 568 F.3d 923, 927 (11th Cir. 2009) (quotation marks omitted). Rather, the district court's acknowledgment that it has considered the § 3553(a) factors together with the parties' arguments as to the mitigating and aggravating factors is sufficient. See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

The district court must state its reasons for imposing a particular sentence and, if the sentence is outside the advisory guidelines range, the court must state the specific reason for the variance. 18 U.S.C. § 3553(c)(2). If the district court imposes a variance, it must "ensure that the justification is sufficiently compelling to support the degree of the variance." United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation marks omitted). The district court's reason need not be lengthy; a brief explanation may suffice when the context and the record indicates the reasoning behind the chosen sentence. United v. Irey, 612 F.3d 1160, 1195 (11th Cir. 2010) (en banc).[4] It is sufficient if the district court has "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Ghertler, 605 F.3d 1256, 1262 (11th Cir. 2010) (quotation marks omitted).

Here, the district court stated that it had considered the § 3553(a) factors in determining Gaona-Ibarrola's sentence, which was sufficient to demonstrate that it in fact did so. The district court listened to Gaona-Ibarrola's arguments in mitigation and was not required to address them explicitly. See United States v.

---

[4]We review the sufficiency of the district court's explanation of the sentence de novo. United States v. Ghertler, 605 F.3d 1256, 1262 (11th Cir. 2010).

Amedeo, 487 F.3d 823, 833 (11th Cir. 2007) (explaining that a district court's failure to discuss mitigating evidence does not mean the district court failed to consider it in determining the sentence).

The district court also adequately explained its decision to impose an upward variance. Specifically, the district court explained that an upward variance was warranted to reflect the seriousness of the offense, promote respect for the law and provide just punishment. The district court noted that Gaona-Ibarrola had already been deported and had illegally re-entered the United States eleven times and cited the need to afford more adequate deterrence and protect the public from further crimes by Gaona-Ibarrola. In sum, Gaona-Ibarrola has not shown that his sentence is procedurally unreasonable.

## C. Substantive Reasonableness

Gaona-Ibarrola contends that the 40-month upward variance was substantively unreasonable. We disagree.

Gaona-Ibarrola has a long history of immigration offenses. Despite repeated deportations, Gaona-Ibarrola continued to return to the United States. Gaona-Ibarrola has a long criminal history in the United States, and had just completed a prison sentence for a violent felony committed while he was illegally in the United States. The district court concluded that a significant upward

variance was necessary to deter Gaona-Ibarrola from again re-entering the country and committing future crimes here. Under the totality of the circumstances, we cannot say the district court abused its discretion in imposing a 48-month sentence, 40 months above the high end of the advisory guidelines range.

**AFFIRMED.**