# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 9, 2010

No. 09-50318
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

PEDRO IVAN GARCIA-PALACIOS,

Defendant – Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3022-1

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pedro Ivan Garcia-Palacios (Garcia) appeals his within-guidelines sentence imposed after his guilty plea conviction for reentering the United States following removal. *See* 8 U.S.C. § 1326 (2006). He argues that the district court committed error by failing to comply with Fed. R. Crim. P. 32; that his sentence is not entitled to a presumption of reasonableness on appellate review; that his sentence is substantively unreasonable; and that the district court failed to provide sufficient reasons for the sentence imposed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, Garcia contends that the district court erred by failing to expressly verify that he had read and discussed the presentence report with counsel as required by Fed. R. Crim. P. 32(i)(1)(A). Because no objection was raised in the district court, our court review is for plain error. *United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001) (applying the plain error standard of review after rejecting the defendant's argument that failing to confirm that the defendant read and discussed the PSR with defense counsel was a structural defect, requiring automatic reversal). Garcia has not demonstrated that he was prejudiced by the district court's failure to strictly comply with Rule 32 and has thus failed to demonstrate plain error affecting his substantial rights. *See id.* Garcia next argues that his within-guidelines sentence should not be afforded the presumption of reasonableness that ordinarily attaches to a within-guidelines sentence on appellate review because United States Sentencing Guideline § 2L1.2 is not empirically supported and double counted his prior assault conviction. This argument is foreclosed by our precedent. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

Garcia argues that his sentence is substantively unreasonable because the double counting of his prior assault conviction overstated his criminal history and resulted in a sentence that was greater than necessary to accomplish the goals of sentencing listed in 18 U.S.C. § 3553(a). As Garcia did not raise this objection at sentencing, our review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60, 265 (5th Cir. 2009). Garcia's argument does not suffice to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See Duarte*, 569 F.3d at 529-31. Furthermore, Garcia's belief that the mitigating factors presented for the court's consideration at sentencing, including his benign motive for returning to this country, should have been balanced differently likewise does not suffice to disturb the

presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.) (upholding the presumption of reasonableness of a within-guidelines sentence where the appellant argued that a below-guidelines sentence was justified due to his cultural assimilation, because the guidelines overstated the seriousness of his offense, and due to his benign motive for illegally returning to this country), *cert. denied*, 129 S. Ct. 624 (2008).

Finally, Garcia contends that the district court failed to provide sufficient reasons for its sentencing decision. As Garcia failed to make this objection at sentencing, our review is for plain error. *See Mondragon-Santiago*, 564 F.3d at 361. There is nothing in the record to indicate that Garcia's sentence would have been different if the district court had provided more explanation for its choice of sentence; therefore, Garcia has failed to demonstrate error affecting his substantial rights. *See id.* at 364-65.

Accordingly, the judgment of the district court is AFFIRMED.