**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2012

No. 11-40041
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESNEIDER HIDROBO,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-595-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Esneider Hidrobo appeals his guilty plea convictions and sentences for conspiracy to possess with intent to distribute more than five kilograms of cocaine and illegal reentry. The district court sentenced Hidrobo to concurrent sentences of 300 and 240 months, respectively, to be followed by concurrent supervised release terms of 10 years and three years, respectively.

For the first time on appeal, Hidrobo argues that his guilty plea was involuntary because his rearraignment did not comply with Rule 11 of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Federal Rules of Criminal Procedure. He maintains that the district court failed to explain the possible effects that he could face if he violated the terms of supervised release. Because Hidrobo did not raise a Rule 11 objection in the district court, we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, Hidrobo must show a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.* In order to show that the error at rearraignment affects his substantial rights, Hidrobo "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Our review of the record leads us to conclude that even if the district court deviated from Rule 11, there is no reasonable probability that Hidrobo would not have pleaded guilty but for that error. *See United States v. Cuevas-Andrade*, 232 F.3d 440, 444 (5th Cir. 2000).

Hidrobo also contends that the district court erred at sentencing by failing to ascertain whether defense counsel had read and reviewed the presentence report with him, as required by Rule 32(i)(1)(A) of the Federal Rules of Criminal Procedure. Because he raises this claim for the first time on appeal we review for plain error. *United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001). Hidrobo has not shown that the district court's procedure at sentencing constituted a clear or obvious error that affected his substantial rights. *See Puckett*, 556 U.S. at 135; *Esparza-Gonzalez*, 268 F.3d at 274. Consequently, the judgment of the district court is AFFIRMED. All outstanding motions are DENIED.