# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10666
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

TONY KALUMBA TSHIANSI.

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-3-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

In 2017, Tony Kalumba Tshiansi pleaded guilty to bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 2113(a). The district court determined that a sentence within Tshiansi's advisory sentencing range of 37 to 46 months of imprisonment was inadequate to account for his two additional bank robberies, an attempted bank robbery, and other criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conduct. Varying upward, it imposed an above-guidelines sentence of 180 months of imprisonment and 3 years of supervised release.

On appeal, Tshiansi argues that he was denied an impartial tribunal because the district judge requested FBI investigative material that was used in preparing the presentence report (PSR), filed it into the record, and relied on it for sentencing purposes. Because Tshiansi did not object in the district court to the judge's alleged lack of impartiality despite having the opportunity to do so, we review this challenge for plain error. *See Puckett v. United States,* 556 U.S. 129, 135-36 (2009); *United States v. Williams*, 343 F.3d 423, 439 (5th Cir. 2003). Tshiansi has cited no authority showing that the district court's challenged actions constituted clear or obvious error in terms of partiality. Accordingly, he has not shown reversible error.

Tshiansi also contends that the district court's consideration of the FBI investigative material at sentencing was not authorized by Federal Rule of Criminal Procedure 32. Because he did not object on Rule 32 grounds in the district court, we also review this issue for plain error. *See Puckett*, 556 U.S. at 135; *United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001). By failing to cite any authority showing that the district court's use of the investigative material constituted clear or obvious error under Rule 32, Tshiansi has not shown reversible error.

Next, Tshiansi challenges his sentence as both procedurally and substantively unreasonable. We review his sentence for reasonableness in light of the sentencing factors of 18 U.S.C. § 3553(a) using an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). Because Tshiansi preserved his challenges, we review the district court's interpretation and application of the Guidelines de novo and its findings of fact for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Tshiansi asserts that the district court procedurally erred by basing an upward variance on his PSR and FBI summaries of his co-defendants' statements because those documents lacked sufficient indicia of reliability. Tshiansi's argument lacks merit. Investigative records from law enforcement agencies are generally considered reliable. *See United States v. Manthei*, 913 F.2d 1130, 1137-38 (5th Cir. 1990). Statements by co-defendants also have sufficient indicia of reliability for use at sentencing when, as in this case, they are largely corroborated by other information or law enforcement investigations. *See United States v. Rico*, 864 F.3d 381, 386 (5th Cir.), *cert. denied*, 138 S. Ct. 487 (2017); *United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013); *United States v. Rogers*, 1 F.3d 341, 343-44 (5th Cir. 1993). Tshiansi's PSR was based on the criminal complaint, indictment, factual resume, FBI investigative reports, and FBI summaries of interviews with Tshiansi's co-defendants. Information in the PSR is generally presumed to be reliable. *United States v. Soza*, 874 F.3d 884, 897 (5th Cir. 2017). Although Tshiansi has pointed to isolated errors in the PSR, those errors were corrected at sentencing and do not establish that the document was unreliable.

Finally, Tshiansi argues that his sentence was substantively unreasonable because the district court's § 3553(a) analysis did not explain how his unadjudicated criminal conduct supported the upward variance. He contends that his sentence was excessive because the upward variance exceeded the range calculated by defense counsel to encompass all of his unadjudicated conduct. A sentence is not unreasonable merely because a different sentence would also have been appropriate. *See Gall*, 552 U.S. at 51. In this case, the district court provided a thorough discussion as to how each of the relevant § 3553(a) factors supported an upward variance. Although the variance was significant, it is analogous to other variances we have affirmed.

No. 17-10666

*See, e.g., United States v. Hebert*, 813 F.3d 551, 561-63 (5th Cir. 2015); *United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).

The judgment of the district court is AFFIRMED.