# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2019

Lyle W. Cayce
Clerk

No. 18-40427
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE AMBRIZ, also known as Pepe,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CR-101-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jose Ambriz pleaded guilty to conspiracy to possess with the intent to manufacture and distribute 500 grams or more of methamphetamine and was sentenced to a within-guidelines term of life imprisonment. He appeals, arguing that the district court violated Federal Rule of Criminal Procedure 32(i)(1)(B) by not giving him notice that statements made by his girlfriend at her sentencing hearing would be used against him "in refusing [his] request

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40427

for a lesser sentence." Federal Rule of Criminal Procedure 32(i)(1)(B) provides that the district court must give notice of any information not included in the presentence report ("PSR") that it intends to rely on in sentencing.

As Ambriz concedes, our review is for plain error. *See United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001). To prevail on plain error review, Ambriz must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Ambriz makes such a showing, we have the discretion to correct the error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

There is no indication that the district court relied on information outside of the PSR to deny Ambriz's motion for a downward variance or impose a life term of imprisonment. The district court had already denied Ambriz's motion for a downward variance, sentenced him to a life term of imprisonment, and remanded him to the custody of the United States Marshal by the time it commented on his girlfriend's statements. Accordingly, Ambriz has shown no clear or obvious error. *See id.*

Ambriz also challenges the procedural and substantive reasonableness of his sentence. He argues that his sentence is procedurally unreasonable because the district court "failed to adequately consider the 18 U.S.C. § 3553(a) factors and failed to adequately explain the chosen sentence." Because he did not raise these specific arguments below, our review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). The record reflects that the district court adopted the presentence report and listened to Ambriz's arguments in favor of a below-guidelines sentence. After noting that it had considered the applicable guidelines range and the § 3553(a)

factors, the district court gave case-specific reasons for imposing a within-guidelines sentence based on the § 3553(a) factors. *See United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008). Thus, Ambriz has shown no clear or obvious error with respect to the district court's consideration of the § 3553(a) factors or the adequacy of the reasons for the sentence imposed. *See Puckett*, 556 U.S. at 135.

Turning to Ambriz's substantive-reasonableness challenge, our review is for abuse of discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007). In reviewing a substantive-reasonableness challenge, "[t]his court applies a rebuttable presumption of reasonableness to a properly calculated, within-guidelines sentence." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The record reflects that the district court considered Ambriz's request for a below-guidelines sentence based on his: (1) history and characteristics, including his cooperation with the Government, family ties, employment history, and the age of his prior convictions; (2) the kind of sentences available; and (3) the need to avoid sentencing disparities. However, the district court concluded that a within-guidelines sentence was necessary to reflect the nature of Ambriz's offense, the fact that he had violated his pretrial conditions of release and obstructed justice by fleeing to Mexico after signing the plea agreement but before pleading guilty, and his lengthy criminal history. Ambriz's arguments are nothing more than a disagreement with the district court's weighing of the § 3553(a) factors, which "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). He therefore has not rebutted the presumption of reasonableness applicable to his within-guidelines sentence. *See Cooks*, 589 F.3d at 186.

Accordingly, the judgment of the district court is AFFIRMED.