# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2020

Lyle W. Cayce
Clerk

No. 19-40698
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO PEDRO YAX,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-559-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Mario Pedro Yax appeals the above-guidelines sentence of 30 months of imprisonment that he received for unlawfully reentering the United States subsequent to being removed, in violation of 8 U.S.C. § 1326(a), (b). He argues that the district court committed reversible procedural error under Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to explicitly rule on his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40698

written and oral requests that his federal sentence run concurrently with any future state sentence that might be imposed following revocation of the six-year deferred adjudication sentence that he received after pleading guilty in Texas to felony aggravated assault on a family member with a deadly weapon. Because Yax did not object to the putative procedural error in the district court, we review for plain error only. *See United States v. Reyna*, 358 F.3d 344, 349-50 (5th Cir. 2004) (en banc); *United States v. Esparza-Gonzales*, 268 F.3d 272, 274 (5th Cir. 2001).

Rule 32(i)(3)(B) states that a district court must, for any disputed portion of the presentence report or other controverted matter, rule on the dispute or determine that a ruling is unnecessary because the matter will not affect or be considered at sentencing. FED. R. CRIM. P. 32(i)(3)(B). We have not previously addressed whether Rule 32(i)(3)(B) requires the district court to explicitly rule on a request for concurrent sentences that is not predicated on factual eligibility under U.S.S.G. § 5G1.3 and involves only a request that the district court exercise its discretion to order such sentences under *Setser v. United States*, 566 U.S. 231, 237-39 (2012). Nor have we considered whether the Rule mandates a ruling as to every issue—whether strictly factual or not—that is contested at sentencing.

Given the lack of controlling authority, and in light of contrary jurisprudence from other courts, *see, e.g.*, *United States v. Petri*, 731 F.3d 833, 838-42 (9th Cir. 2013), any error by the district court in not resolving the alleged dispute in accordance with Rule 32(i)(3)(B) was not clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007). Accordingly, the judgment of the district court is AFFIRMED.