# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2021

Lyle W. Cayce
Clerk

No. 19-20726
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROLLIE ANDRE LOTT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-734-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Rollie Andre Lott appeals his conviction and sentence for bank fraud, in violation of 18 U.S.C. § 1344. He argues that the district court reversibly erred by violating Federal Rule of Criminal Procedure 32(h), (i)(1)(A), and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-20726

(i)(1)(B); the district court abused its discretion by denying his motion for new counsel; and that his trial counsel rendered ineffective assistance.

Because Lott did not raise an objection based on Rule 32 error in the district court, review is for plain error. *See United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The 60-month sentence imposed by the district court was a variance from the Sentencing Guidelines. Consequently, the requirements of Federal Rule of Criminal Procedure 32(h) are not applicable. *See Irizarry v. United States*, 553 U.S. 708, 713-16 (2008). Because the district court did not rely on facts outside of the presentence report in determining the sentence, there was no violation of Federal Rule of Criminal Procedure 32(i)(1)(B). Lott has not demonstrated that the district court committed any error, much less reversible plain error, as to those issues. *See Puckett*, 556 U.S. at 135.

The district court did not verify that Lott had read and discussed the PSR with his attorney as required by Federal Rule of Criminal Procedure 32(i)(1)(A). However, the record does not demonstrate "a reasonable probability that, but for the district court's error, the appellant would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). As such, the error does not require reversal. *See Puckett*, 556 U.S. at 135.

This court reviews the denial of a motion for the substitution of counsel for an abuse of discretion. *See United States v. Jones*, 733 F.3d 574, 587 (5th Cir. 2013). The district court did not abuse its "wide latitude in

No. 19-20726

balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) (internal quotation marks and citation omitted).

The record is not sufficiently developed to address Lott's ineffective assistance of counsel claims on direct appeal. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Consequently, we decline to do so without prejudice to Lott's right to raise the issue on collateral review. *See id*.

AFFIRMED.